**Robert Michael ARCHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59442.**

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 12, 1980.

Rehearing Denied Jan. 14, 1981.

---

Lawrence T. Newman, Houston, for appellant.

Carol S. Vance, Dist. Atty. Calvin A. Hartmann and Bob Moens, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for unlawful possession of a firearm by a felon. V.T.C.A. Penal Code, Sec. 46.05. Punishment, enhanced by two prior felony convictions, was assessed at life.

In his eighth ground of error, appellant challenges the sufficiency of the evidence to support his conviction.

Officer R. C. Brady, of the Houston Police Department, testified that on December 7, 1976, he obtained a search warrant from the Honorable Herbert J. Coleman, a "Substitute Judge" for the Municipal Courts of the City of Houston. The warrant directed the officers to search a residence at 4324 Clover, Apartment D for a controlled substance and authorized the arrest of a "Negro male known as Elmer Archer." Brady stated that after he obtained the warrant,

he radioed fellow officers on surveillance at the named location and informed them that the warrant had been issued by Judge Coleman.

Officer R. L. Ferguson, of the Houston Police Department, testified that he was on surveillance at the location named in the warrant. After receiving information that the warrant had been issued, Ferguson observed appellant leave the named location and get into a car. Ferguson followed appellant for approximately two blocks and then stopped the car he was driving. Appellant was taken into custody and a .22 caliber revolver was found to be stuck inside the waistband of the trousers he was wearing.

Ferguson and fellow officer B. J. Banks then returned appellant to the location named in the warrant. The apartment was searched, but no contraband was found.

Deputy Leslie Borgstedt, of the Harris County Sheriff's Office, testified that he compared a known fingerprint sample taken from appellant with the prints contained in State's Exhibit No. 5. The exhibit is a pen packet containing records from a conviction for assault to murder dated January 19, 1961, in Cause No. 94010 in the Criminal District Court of Harris County styled The State of Texas v. Robert M. Archer. Borgstedt stated that in his opinion, the prints in the exhibit were identical to the known fingerprint sample taken from appellant at trial.

Essie Thomas testified on behalf of appellant. She stated that she lived in the apartment named in the warrant. Thomas related that appellant would occasionally stay at her apartment and that the pistol recovered from appellant's trousers belonged to her. She stated that when she left for work on the evening of December 7, 1976, appellant was in her apartment.

■ We find the evidence sufficient to support the conviction. Appellant's eighth ground of error is without merit.

In his seventh ground of error, appellant challenges the sufficiency of the evidence to prove one of the enhancement paragraphs in the indictment. He maintains that the State failed to prove that the first prior conviction was a final conviction.

The first enhancement paragraph of the indictment alleges that on September 17, 1963, appellant was convicted of theft in Cause No. 104002 in Harris County. During the punishment phase, the State introduced a pen packet which contained a copy of the judgment and sentence from appellant's prior conviction in Cause No. 104002. The judgment and sentence do not indicate that notice of appeal was given. No evidence was offered by appellant during the punishment phase.

This Court recently rejected a similar contention in *Johnson v. State*, Tex.Cr.App., 583 S.W.2d 399, when it was stated:

"Johnson also contends the evidence was insufficient to prove his prior rape conviction was final before the commission of the instant offense. The prior conviction was proved with certified copies of the judgment and sentence. They reflected that Johnson entered a guilty plea and was convicted and sentenced on January 16, 1974. The record is silent concerning notice of appeal. Appellant offered no evidence.

"The judgment and sentence do not indicate notice of appeal was given. If this were the case, the prior conviction became final during January, 1974. Once the State introduces such prima facie evidence of a final conviction, the defense has the burden of proving that the conviction was not final. *Ashley v. State*, 527 S.W.2d 302 (Tex.Cr.App.1975). No such proof was presented. Thus, the evidence shows the prior rape was final in January, 1974 and the instant offense was committed on June 21, 1977. The proof was adequate to show the prior conviction was final before the commission of the present offense." *Johnson v. State*, supra at 403.

■ We find the evidence sufficient to prove that appellant's prior conviction in Cause No. 104002 resulted in a final conviction on September 17, 1963. The State also introduced evidence which showed that the

offense forming the basis of the second conviction alleged for enhancement purposes was committed on June 27, 1969. Appellant's seventh ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court erred in admitting evidence of an extraneous offense. In support of this contention, appellant directs our attention to testimony given by Ferguson concerning appellant's arrest. Over appellant's objection, Ferguson stated that in addition to finding the pistol stuck in appellant's trousers, he found between one hundred and one hundred and fifty pills and capsules in the pocket of appellant's coat.

■ Where an offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven, proof of all such facts is proper. *Welch v. State*, 543 S.W.2d 378, Tex.Cr. App.; *Johnson v. State*, 510 S.W.2d 944, Tex.Cr.App. Such an extraneous offense is admissible to show the context in which the criminal act occurred; this has been termed the "res gestae," under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. *Albrecht v. State*, 486 S.W.2d 97, Tex.Cr.App.

In *Milligan v. State*, 554 S.W.2d 192, Tex. Cr.App., the defendant maintained that the trial court erred in admitting evidence concerning a knife he was carrying at the time he was arrested for unlawful possession of a firearm by a felon. The Court found that such evidence was properly admitted as res gestae of the arrest and the offense. *Milligan v. State*, supra at 195. Cf. *Heflin v. State*, 574 S.W.2d 554, Tex.Cr.App.

■ We find that evidence concerning the pills and capsules found on appellant's person at the time of his arrest was properly admitted as res gestae of the arrest and the offense. No error is shown in the trial court overruling appellant's objection to Ferguson's testimony.

In his fifth ground of error, appellant maintains that the trial court erred in overruling his objection to the court's charge. He contends that the trial court should have limited the jury's consideration of the extraneous offense involving the contraband found in appellant's pocket at the time of his arrest.

■ We have held that it is not necessary to give a limiting instruction on an extraneous offense which constitutes res gestae of the offense for which an accused is on trial. *Luck v. State*, 588 S.W.2d 371, Tex.Cr.App.; *King v. State*, 553 S.W.2d 105, Tex.Cr.App. Having previously concluded that evidence concerning the pills and capsules was properly admitted as res gestae of the arrest and the offense, we find that the trial court did not err in overruling appellant's objection requesting a limiting instruction as to the extraneous offense. Appellant's fifth ground of error is overruled.

In his second ground of error, appellant maintains that the warrant secured by Brady was invalid because it did not contain appellant's true name. The warrant authorized the arrest of a "Negro male known as Elmer Archer."

The record reflects that appellant's name is Robert Michael Archer. The individual named in the warrant, Elmer Archer, was shown to be appellant's brother. Brady testified that an informant had identified appellant as Elmer Archer.

In *Villegas v. State*, 509 S.W.2d 314, Tex. Cr.App., it was found that a search warrant which described the occupant of an apartment as "one Latin American male known only as Pete," was a sufficient description to guide the officer in identifying the occupant. In that case, the following was noted:

"At the hearing on the motion Houston police officer J. J. Davis testified that on June 30, 1972, he obtained a search warrant for apartment G7 at 8282 Park Place Boulevard in Houston, and when he arrived no one was at home. Later, he explained that both appellants approached the premises, that he stopped them and asked Pedro Villegas if his

name was 'Pete' and that Pedro replied 'Yes.' After showing the appellant the warrant, Davis related Pedro Villegas used a key and admitted the officers into the apartment. Testifying, Pedro Villegas admitted that he was sometimes called as 'Pete,' but he was not only known by this name. His brother corroborated such testimony. Both appellants testified they lived on the premises in question, but were not Latin Americans as that term is used to describe those from Central and South America, and they had never heard the term used to describe a Mexican or a Chicano.

"Under the circumstances, we find no error in the court's action in overruling the motion to suppress." *Villegas v. State*, supra at 315 and 316. Also see *Turner v. State*, 543 S.W.2d 629 (Tex.Cr. App.).

■ At the time the warrant issued and appellant was detained, he had been identified by Brady's informant as Elmer Archer. The warrant accordingly alleged that this was the name that appellant was "known as." We conclude that the subsequent information revealing that the informant had erroneously identified appellant as Elmer, did not act to render the warrant invalid. Appellant's second ground of error is without merit.

In his third ground of error, appellant contends that the trial court erred in overruling his objection to the charge. He maintains that the court should have charged the jury under the provisions of Art. 38.23, V.A.C.C.P., to disregard any evidence found to have been obtained in violation of the provisions of the Constitution or laws of the State of Texas or of the Constitution of the United States of America. Appellant argues that the variance between the name in the warrant and his actual name "created a factual issue for the jury to determine if the arrest was illegal."

■ A question concerning an individual's name as stated in a search warrant, is a question of law directed at the validity of the warrant. We have held that when a question of law is raised concerning the validity of a search, there is no need to charge the jury under the terms of Art. 38.23, supra. *Ainsworth v. State*, 493 S.W.2d 517, Tex.Cr.App.; *Campbell v. State*, 492 S.W.2d 956, Tex.Cr.App. We find that because appellant's contention centers around a question of law, the trial court did not err in refusing to submit a charge framed in terms of Art. 38.23, supra. Appellant's third ground of error is overruled.

In his first ground of error, appellant contends that the search warrant issued by Judge Coleman was void. He maintains that Coleman's appointment as a Judge had expired at the time the warrant issued.

The Honorable Rodney Parrott testified that he was Presiding Judge for the Municipal Courts for the City of Houston. Parrott stated that Coleman had been appointed and took his oath of office as a "Substitute Municipal Court Judge" on January 5, 1965. He stated that such an appointment was for a period of two years. Although he was still serving as a judge, Parrott stated that Coleman had not been reappointed by the city council. He further testified that no successor had been named to take Coleman's place as a judge.

Appellant's reliance on *French v. State*, 572 S.W.2d 934, Tex.Cr.App., is misplaced. In *French*, it was held that without the taking of the oath prescribed by the Constitution of this State, one cannot become either a de facto or de jure judge, and his acts as such are void. In the instant case, the record reflects that Coleman took the oath of office when he was appointed in 1965 and has continued to act under color of office from that time until the present.

In *Snow v. State*, 114 S.W.2d 898, Tex.Cr. App., it was held that when a judge is holding office under color of title by appointment and discharging the duties of the office, the only way his title to office could be determined was by a direct proceeding instituted for that purpose in a court of competent jurisdiction. Thus, in *Ex Parte Lefors*, 171 Tex.Cr.R. 229, 347 S.W.2d 254, this Court declined to address the merits of

the petitioner's contention that the judge who presided over his theft trial was not qualified to be in office. Also see *Marta v. State*, 81 Tex.Cr.R. 135, 193 S.W. 323.

█ We find that appellant's ground of error represents an impermissible collateral attack upon Coleman's authority to hold office. If appellant desires to challenge such authority, he must bring a direct action through a quo warranto proceeding. See *Saenz v. Lackey*, 522 S.W.2d 237 (Tex. Civ. App.–Corpus Christi, 1975, writ ref'd. n. r. e.). Appellant's first ground of error is overruled.

In his sixth ground of error, appellant contends that the trial court erred in overruling his requested charge on the lesser included offense of unlawfully carrying a weapon. He maintains that such a charge was required because the State failed to prove that he had been convicted of a felony involving an act of violence or threatened violence to a person or property.

Appellant's indictment alleges in pertinent part that on December 7, 1976, he did:

"commit an offense hereafter styled the primary offense in that he did intentionally and knowingly possess away from the premises where he lived at the time a firearm, namely, a pistol, and prior to the possession the Defendant had been convicted of a felony involving an act of violence and threatened violence, namely, assault with intent to murder, on January 19, 1961, in the Criminal District Court of Harris County, Texas, in Cause Number 94010."

As we noted in our disposition of appellant's eighth ground of error, the State introduced a pen packet during the guilt or innocence phase of the trial which contained the records from appellant's conviction for assault to murder. The pen packet was identified as State's Exhibit No. 5. In addition to containing records from appellant's assault conviction, the exhibit also contained the records from a previous theft conviction. When the exhibit was offered into evidence, appellant's counsel objected to the extraneous matter of the theft conviction contained therein. The trial court sustained counsel's objection and explained his ruling as follows:

"MR. MOEN (prosecutor): Judge, so I may understand the Court's ruling as far as it pertains to the indictment, that part of the indictment to which it is relevant, you are overruling, but to any irrelevant matters you are sustaining it.

"THE COURT: Yes."

Before the State rested, the court, out of the presence of the jury, once again explained its ruling as to the exhibit in the following manner:

"THE COURT: Now, the Court's ruling is that 'State's Exhibit No. 5' is admitted into evidence with one limitation and that is that that portion of the same reflecting a conviction of theft in the State of Texas vs. Robert Archer under 93132 in one of the District Courts of Harris County, but that it is not admitted before the jury and not admitted into evidence. It is impossible to tear that out without destroying because it is certified by the clerk, but I'm admitting everything except what pertains to the theft. We are not going to allow anything before the jury so they can't see that portion. Does that clarify it?"

It is thus appellant's contention that although evidence of his assault conviction was admitted, the jury was never shown the exhibit or apprised of its contents. He urges that under this state of the record, the evidence *actually before* the jury only showed the lesser included offense of unlawfully carrying a weapon. See V.T.C.A. Penal Code, Sec. 46.02. .

In *Briceno v. State*, 580 S.W.2d 842, Tex. Cr.App., it was held that a charge on a lesser included offense does not have to be submitted to the jury unless there is evidence raising the issue of whether the defendant could be guilty of only the lesser offense. We have previously held that the offense of unlawfully carrying a weapon is a lesser included offense of unlawful possession of a firearm by a felon. See *Hazel v. State*, 534 S.W.2d 698, Tex.Cr.App.

It is undisputed that the court admitted evidence at trial consisting of the records from appellant's previous assault conviction. As admitted, this evidence had probative value in proving the allegation of appellant's prior conviction. We note that during final argument, the prosecutor informed the jury that Exhibit 5, as admitted, evidenced appellant's prior assault conviction. Furthermore, the court's charge to the jury contained the following instructions with regard to the assault conviction:

> "With respect to the evidence admitted in this case with relation to the defendant's having been heretofore convicted of the felony offense of assault with intent to murder, if he was, you are instructed that such evidence cannot be considered by you in any manner proving or tending to prove that the defendant committed the offense of unlawful possession of a firearm as charged in the indictment on which he is now being charged."

Once this evidence of probative value was admitted, the jury assumed its statutory function as the exclusive judge of the facts proven. See Art. 38.04, V.A.C.C.P. By virtue of counsel's argument and the court's instructions, it is clear that the content of Exhibit 5 was treated as admitted before the jury.[1] Such evidence is in the record before this Court and supports the jury's verdict. See *Kissinger v. State*, 501 S.W.2d 78, Tex.Cr.App.

We find the evidence admitted at trial sufficient to prove appellant's previous assault conviction. Appellant's contention in this ground of error centering around the State's alleged failure to prove the prior conviction is therefore without merit. No error is shown in the trial court refusing to submit appellant's requested charge on the lesser included offense of unlawfully carrying a weapon.

The judgment is affirmed.

1. In appellant's motions for instructed verdict no complaint was made therein of failure to prove the prior conviction. Both his original and second motions for instructed verdict were bottomed on the alleged illegal seizure of the pistol except for paragraph II of the original motion in which complaint was made that the taking of appellant's fingerprints to compare with prints in the record of a prior conviction compelled him to "give testimony against himself."