Mark Houston KOLBERT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–81–00837–CR, 05–81–01014–CR.

Court of Appeals of Texas, Dallas.

Dec. 14, 1982.

Robert Rose, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, FISH and ALLEN, JJ.

PER CURIAM.

Appellant pled guilty to two charges of aggravated robbery and was sentenced to 15 years confinement for each offense. By his first ground of error, appellant claims that the trial court improperly admitted evidence obtained from an unlawful search. Specifically, appellant urges that the evidence was seized incident to an arrest under two warrants issued without probable cause. By his second ground of error, appellant argues that the trial court erred by admitting evidence in the form of pill bottles containing controlled substances. He argues that neither the bottles nor the narcotics contained within them were shown to have been stolen in either of the two robberies for which he was being tried. For the reasons set out below, we affirm.

During the later afternoon hours of December 10, 1980, the appellant entered the Willow Creek Pharmacy in Dallas, Texas. Present in the store at the time were Beth Jacobs (the pharmacist) and her assistant. The appellant asked Ms. Jacobs where the toothpaste was to be found and she pointed it out to him. When the appellant went to the counter to pay for the toothpaste, he reached into his pocket and pulled out a gun. He ordered Ms. Jacobs to get him narcotics and then went around to the back of the counter and took approximately $95 from the cash register drawer. After Ms. Jacobs and her assistant gathered the narcotics and gave them to the appellant, he fled the pharmacy.

A short time after the robbery at the Willow Creek Pharmacy, appellant entered Penders Pharmacy on Greenville Avenue in Dallas, Texas. He made a purchase from the pharmacist, J.S. Byerly, and then, as Mr. Byerly started to return to work, the appellant wheeled back around with a pistol and ordered Mr. Byerly to go behind the counter and give him narcotics. Mr. Byerly gathered the narcotics and gave them to the appellant. The appellant then took $60 from the cash register drawer and left the store.

An arrest warrant was issued for each of these robberies. The affiant on the under-

lying affidavit on each of the warrants was an officer with the Dallas Police Department, L.L. Huckaby. The affidavit states that the information regarding the Willow Creek robbery was obtained from an investigator with the Dallas Police Department, Charles F. Royal. The affidavit reveals that Officer Royal participated in the investigation of the alleged offense and that:

> Mark Kolbert entered the Willow Creek Pharmacy and brought the tube of toothpaste to the counter. Mark Kolbert then produced an automatic pistol and forced Beth Jacobs to give him the narcotic drugs and $95 in US Currency from the cash register. On 12–16–80 Beth Jacobs and Kenneth Teel positively identified Mark Kolbert from a six picture photographic lineup at their respective residences.

The arrest warrant for the Penders Pharmacy robbery was identical except that Officer Huckaby's information in this instance was gleaned from T.J. Barnes, an investigator with the Dallas Police Department.

 Our determination of the validity of an affidavit supporting an arrest warrant is limited to consideration of the four corners of the affidavit. *Oubre v. State,* 542 S.W.2d 875, 877 (Tex.Cr.App.1976). An affidavit supporting an arrest warrant must be interpreted in a common sense realistic manner, *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Winkles v. State,* 634 S.W.2d 289, 298–99 (Tex.Cr.App.1982) *(en banc)* (on State's motion for rehearing), and the magistrate reviewing the affidavit is entitled to draw inferences from the facts contained within the warrant. *Jones v. State,* 568 S.W.2d 847, 855 (Tex.Cr.App.1978) *(en banc).* The magistrate's information may be supplied by either direct personal observations of the affiant, or upon hearsay information. *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964). When hearsay information is supplied to an affiant by an informant, the affidavit will support a warrant only if it satisfies the two prong test set out by the United States Supreme Court in *Aguilar.*

First, the affidavit must recite some of the underlying circumstances from which the informant concluded that a crime had been committed. Second, the affidavit must inform the magistrate of some of the underlying circumstances from which the officer concluded that the informant was reliable. *Id.; see Jones v. State,* 568 S.W.2d 847, 855 (Tex.Cr.App.1978). With these rules in mind, we turn next to a consideration of the warrants in the case before us.

Appellant argues that the arrest warrant for the Willow Creek robbery reveals no circumstances from which the magistrate could conclude that this information was obtained from a reliable source. Specifically, the appellant complains that the warrant does not reveal the extent of Officer Royal's participation in the investigation and whether he personally observed the photographic lineup mentioned in the affidavit. He also urges that the warrant is defective because it fails to state how Officer Royal obtained his information or how the affiant came to learn that Beth Jacobs and Kenneth Teel had positively identified Mark Houston Kolbert in the photographic lineup.

Appellant complains that the Penders Pharmacy affidavit is insufficient because it fails to reveal whether or not the unnamed informant was in fact reliable, fails to reveal who conducted the photographic lineup, and fails to reflect that it was sworn to by the affiant before a magistrate as required by the Texas Code of Criminal Procedure art. 15.03(a)(2). We do not reach the question of whether this warrant was valid, however, because we conclude that the appellant was arrested under a valid arrest warrant issued as a result of the Willow Creek Pharmacy robbery.

It is undisputed that the information supplied to Charles F. Royal, Dallas Police Department Investigator, was supplied by those with personal knowledge of the robbery, namely Beth Jacobs, the pharmacist, and her assistant, Kenneth Teel. If Charles F. Royal had been the affiant, the affidavit would clearly have satisfied the requirements of *Aguilar. Jones,* 568 S.W.2d at

855.[1] For this reason, we focus our consideration of the affidavit upon the information link between Officer L.L. Huckaby and Officer Charles F. Royal in order to determine whether or not the information supplied by Officer Royal to Officer Huckaby satisfies the two prong test of *Aguilar.*

■ It is clear that Officer Huckaby's affidavit is based upon hearsay information supplied to him by Officer Royal. *See Jones,* 568 S.W.2d at 854. Read in a common sense manner, the affidavit reveals that Officer Royal's information sufficiently specified such underlying circumstances from which it could be reasonably determined by a detached magistrate that a crime had been committed. Therefore, the issue is whether the affidavit reveals that Officer Royal was a credible person.

This case does not fall squarely within the pattern of *Aguilar* for the reason that the affiant, Officer Huckaby, did not obtain his information from an informant. Rather, the source of information was Officer Royal, a fellow peace officer.

It is common knowledge that the affidavits supporting arrest warrants are often made by peace officers. We have found no case which attacks the validity of a warrant on the grounds that the affidavit fails to reflect that the peace officer/affiant was a credible person. Indeed, while this may appear to be a logical question, every case which we have reviewed implicitly assumes that a police officer/affiant is worthy of belief by the magistrate. *See, e.g. Whiteley v. Warden of Wyoming Penitentiary,* 401 U.S. 560, 566–67, 91 S.Ct. 1031, 1035–36, 28 L.Ed.2d 306 (1971); *Aguilar v. Texas,* 378 U.S. 108, 113–14, 114 n. 4, 84 S.Ct. 1509, 1513–14 n. 4, 12 L.Ed.2d 723 (1964); *Lowery v. State,* 499 S.W.2d 160, 163 (Tex.Cr.App. 1973).

As noted above, we perceive that the underlying affidavit could have supported the warrant had Officer Royal been the affiant. *Jones,* 568 S.W.2d at 855. We conceive of no reason to impose an artificial requirement that the warrant reflect Officer Royal's credibility by circumstances other than the fact that he was a peace officer. For this reason, we hold that the affidavit supporting the warrant for the Willow Creek Pharmacy supported a finding of probable cause.

The officer who arrested the appellant was in possession of both arrest warrants. Insofar as the Willow Creek arrest warrant was valid, it is clear that the appellant was lawfully arrested and anything recovered as a result of a valid search conducted pursuant to that arrest was admissible against the appellant. Appellant's first ground of error is overruled.

■ Appellant next argues that the admission of pill bottles and narcotics, recovered from him at the time of his arrest, constituted error insofar as this evidence constituted proof of an extraneous offense. The Court of Criminal Appeals of Texas was faced with an almost identical contention in *Archer v. State,* 607 S.W.2d 539 (Tex.Cr.App.1980). In *Archer,* the court noted that "where an offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven, proof of all such facts is proper." *Id.* at 542. The court goes on to state that "such an extraneous offense is admissible to show the context in which the criminal act occurred; this has been termed the 'res gestae,' under the reasoning that events do not occur in a vacuum and the jury has a right to hear what occurred immediately prior to and subsequent to the commission of the act so that they may realistically evaluate the evidence." *Id.* Accordingly, appellant's second ground of error is overruled and the judgment of the trial court is affirmed.

Opinion written by ROBERTSON, J., before appointment to the Supreme Court of Texas.

---

1. In the words of the Court of Criminal Appeals:

 [An affidavit] which is obviously based upon the statements of the victim of an offense to the affiant, as well as the affiant's personal knowledge of that offense as an investigating officer thereof, [is] sufficient to have afforded the magistrate with a basis for an independent determination of probable cause. *Jones,* 568 S.W.2d at 855.