Joe Dennis WINTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–85–110–CR.

Court of Appeals of Texas,
Texarkana.

March 10, 1987.
Discretionary Review Granted
June 24, 1987.

James R. Rodgers, Lovett & Rodgers, Paris, for appellant.

Tom Wells, Dist. Atty., Lamar County, Paris, for appellee.

BLEIL, Justice.

Joe Winton appeals his conviction for aggravated sexual assault. He raises issues concerning the introduction of an extraneous offense and the constitutionality of the mandatory parole instruction given

to the jury. We decide these issues in favor of the State and affirm the judgment of the trial court.

Winton pled guilty to the charge of aggravated sexual assault. At his request the issue of punishment was tried before a jury. On cross-examination, Winton testified that earlier on the day of the assault, he had approached an elderly woman in the parking lot of a store with the knife used in the later assault. The woman screamed and he ran away. He stated that he did not know whether he had intended to rape this woman. No objection was made to any of this testimony.

The charge given to the jury included the mandatory parole charge from Tex.Code Crim.Proc.Ann. art. 37.07 (Vernon 1981 & Supp.1987). No objection was made to the giving of the mandatory parole charge.

■ Winton complains that the introduction of his testimony concerning the incident involving the elderly woman on the day of the assault was reversible error because it was evidence of an extraneous offense. Winton's failure to object to this testimony at trial waives any error that is presented. *See Green v. State,* 682 S.W.2d 271 (Tex.Crim.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985).

Further, the testimony may be admissible as part of the res gestae of the offense. The incident involving the woman in the parking lot occurred within thirty minutes to an hour before the offense for which Winton was on trial. When an offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven with that offense, proof of all such facts is proper. *Archer v. State,* 607 S.W.2d 539 (Tex.Crim.App.1980). The extraneous offense is admissible to show the context in which the criminal act occurred—events do not occur in a vacuum and the jury is entitled to hear what happened immediately prior to and after the criminal act so that they may realistically evaluate the evidence. *Archer v. State,* 607 S.W.2d 539 at 542. The admission of Winton's testimony concerning the incident involving the woman in the parking lot prior to the offense is not reversible error.

Winton also contends that Tex.Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.1987), which requires the court to give the jury instructions concerning a defendant's eligibility for parole and receipt of good conduct credit, is unconstitutional because it is a violation of the separation of powers requirement found in the Texas Constitution. This Court has already addressed the question of the constitutionality of Tex.Code Crim.Proc.Ann. art. 37.07, § 4, and has held that the statute is constitutional. *Sanders v. State,* 727 S.W.2d 670 (Tex.App.-Texarkana 1987, no pet.); *Sanders v. State,* 727 S.W.2d 674 (Tex. App.-Texarkana 1987, no pet.).

■ In addition, Winton did not object at trial to the giving of the parole charge required by Tex.Code Crim.Proc.Ann. art. 37.07, § 4. The constitutionality of a statute may not be raised on appeal unless the issue was first raised in the trial court. *Casares v. State,* 712 S.W.2d 818 (Tex. App.-Houston [1st Dist.] 1986, no writ).

We affirm the judgment.