IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-226-CR





ADRIAN BUDD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0911577, HONORABLE BOB JONES, JUDGE PRESIDING



 





 After finding the appellant guilty of theft of property of the value of at least seven
hundred fifty dollars but less than twenty thousand dollars, Tex. Penal Code Ann.
§ 31.03(e)(4)(A) (West 1992), the jury assessed punishment, enhanced by two prior theft
convictions, at thirty-one years confinement. We will affirm the conviction.

 In his first point of error, appellant contends the evidence is insufficient to establish
that the appellant had previously been convicted of theft on the two prior occasions alleged for
enhancement of punishment.

 Certified copies of the judgments and charging instruments in the two prior causes
contain the same name, offenses, date of offenses and date of birth as those shown on certified
copies of appellant's arrest records. Fingerprints taken of appellant during trial of the instant
cause match fingerprints on the arrest records. Patricia Cooper, identification technician for the
Austin Police Department, testified that a booking number is given to every person arrested. This
number is assigned to only one person and will appear on any subsequent arrest records of that
person. Stan Anderson, criminal investigator for the Travis County Attorney's office, identified
criminal history records taken from computer printouts in the county attorney's office showing
a person with the same name and date of birth was convicted of theft offenses that occurred on
the same dates and in the same numbered causes as those contained in the judgments of the prior
convictions. The name, sex, race, date of birth and booking number on the printouts correspond
with information appearing in the arrest records of the instant cause as well as those in the prior
convictions.

 The standard for determining the sufficiency of the evidence set forth in Jackson
v. Virginia, 443 U.S. 307, 319 (1979), is applicable to situations where the State has alleged prior
convictions to enhance punishment. Human v. State, 749 S.W.2d 832, 834 (Tex. Crim. App.
1988). Thus, viewing the evidence in the light most favorable to the jury's verdict, we must
determine whether any rational trier of fact could have found the essential facts of the alleged
prior convictions beyond a reasonable doubt. Appellant does not complain that the allegations of
prior convictions were insufficient to give him notice of what the State intended to prove. In
Human, the court stated that the purpose of requiring that the proof correspond to the allegations
of prior convictions in the indictment is to put defendant on notice as to the charges against him
and, in order that he may, if necessary, plead the same in an event of a further attempt to place
him again in jeopardy for the same alleged act. Human v. State, 749 S.W.2d at 836.

 We conclude that the identity of the names, offenses, dates of offenses, races, dates
of birth, booking numbers, cause numbers, and dates of disposition in the arrest records and
computer printout are sufficient to support the conclusion that these records correspond with the
judgments of conviction alleged for enhancement to establish that the appellant was the person
convicted. See Spang v. State, 718 S.W.2d 713, 715 (Tex. App.Austin 1989, no pet.).

 In his second point of error, appellant asserts that one of the exhibits identified by
Anderson is a printout of information compiled by the Travis County District Attorney's office,
and Anderson, as an employee of the County Attorney's office, is not qualified to establish the
foundation for the introduction of the exhibit as a business record. Appellant contends that the
fact that Anderson may be able to access information contained in the district attorney's computer
does not qualify him as a custodian of the records or furnish him with the basis for knowing how
the information was compiled.

 In Denby v. State, 654 S.W.2d 457, 460 (Tex. Crim. App. 1983), cited by
appellant, it was held that a custodian of the records in an Angleton Bank was unable to testify
as to the truthfulness of the records of the defendant's account in a Mississippi bank since he had
no knowledge of the business of that bank, nor was it shown that he was the custodian of that
bank's records.

 Anderson testified that in the county attorney's computer "there is also a screen for
cases that are pending and disposed of at the district attorney's office here in Travis County." 
While he did not keep the records, Anderson stated that he used them on a regular basis. He
related that the computer entries are made at or near the time the events occur, that the records
are made from information transmitted by a person with knowledge of the events, that they are
kept in a regular course of business activity, and that it is "the regular practice of the county
attorney's office to make and keep such records."

 Unlike the Angleton bank employee in Denby, who had no personal knowledge of
the manner in which the business records of the Mississippi bank were made, Anderson's
testimony established the predicate required by Tex. R. Crim. Evid. 803(6) to bring the records
in questions within the business-records exception to the hearsay rule. The fact that Anderson did
not have personal knowledge of the information contained in the records does not affect the
admissibility of the records. See McGowan v. State, 664 S.W.2d 355, 359 (Tex. Crim. App.
1984). Appellant's second point of error is overruled.

 In his third point of error, appellant asserts the court erred when it permitted
Officer Yolando Richey to testify over objection regarding extraneous offenses because such
testimony is inadmissible under Tex. R. Crim. Evid. 404(b). Appellant urges the language the
appellant used on the police officer and his actions toward the officer were unrelated to any issue
in the case. Appellant's further contention that the relevancy of the extraneous offense testimony
is outweighed by its prejudicial effect and is inadmissable under Tex. R. Crim. Evid. 403 forms
the basis of appellant's fourth point of error. Because these points of error concern the court's
admission of the same evidence, we will consider them together.

 Officer Richey of the Austin Police Department testified that she responded to a
call regarding a shoplifting offense at Montgomery Wards on the occasion in question. Upon
arrival at the store, a security officer pointed toward the shoplifter who was later identified as the
appellant. Richey stated that following her arrest of the appellant, she asked for his name and he
replied, "F you, Bitch." Richey advised appellant that if he would not disclose his name, she
would have to file on him for failure to identify. Appellant answered, "F you. File on me. 
It's only a class C." When Richey attempted to search appellant, "[H]e pulled away from me .
. . and he lunged at me." She had to await help from a backup officer; "It took three of us to
hold him down . . . he attempted to spit in my face." When they took appellant to the patrol car,
he yelled, "Help me. They're killing me."

 Rule 404(c) provides that evidence of other crimes, wrongs or acts is not admissible
except in certain enumerated instances. Rule 403 states that relevant evidence may be excluded
if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of
the issues, or misleading the jury, or by considerations of undue delay, or needless presentation
of cumulative evidence."

 In Archer v. State, 607 S.W.2d 539 (Tex. Crim. App. 1980), the court rejected
appellant's contention that evidence of one hundred fifty pills and capsules found in his pocket was
inadmissible in a cause where he was charged with the offense of unlawful possession of a firearm
by a felon. In Archer, the court stated:



Where an offense is one continuous transaction, or another offense is part of the
case on trial or blended or closely interwoven, proof of all such facts is proper. 
Such an extraneous offense is admissible to show the context in which the criminal
act occurred; this has been termed the "res gestae," under the reasoning that events
do not occur in a vacuum and that the jury has a right to hear what occurred
immediately prior to and subsequent to the commission of that act so that they may
realistically evaluate the evidence.


In Milligan v. State, 554 S.W.2d 192, Tex. Cr. App., the defendant maintained
that the trial court erred in admitting evidence concerning a knife he was carrying
at the time he was arrested for unlawful possession of a firearm by a felon. The
Court found that such evidence was properly admitted as res gestae of the arrest
and the offense.



Archer v. State, 607 S.W.2d at 542 (emphasis added) (citations omitted).

 We are not persuaded by appellant's argument that his action did not come within
the context of the act or the arrest since the officer arrived after the offense and his detention by
store personnel. We hold that the complained-of evidence is admissible as res gestae of the arrest
and the offense. Moreover, appellant's conduct in resisting arrest evidences an intent to escape
from custody. Evidence of escape from custody or flight to avoid arrest is generally held
admissible on the issue of guilt. Rumbaugh v. State, 629 S.W.2d 747, 752 (Tex. Crim. App.
1982). In order to have such evidence excluded, the burden shifts to the defendant to show that
the conduct is not connected with the offense on trial. Rumbaugh v. State, 629 S.W.2d at 752. 
Appellant failed to discharge this burden. Nor has appellant shown that the relevancy of the
evidence is outweighed by its prejudicial effect. Evidence that came within the context of the
offense will rarely be found inadmissible "so long as it truly sets the stage for the jury's
comprehension of the whole criminal transaction." Maynard v. State, 685 S.W.2d 60, 67 (Tex.
Crim. App. 1985). Appellant's third and fourth points of error are overruled.

 The trial court's judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Aboussie, B. A. Smith and Davis*]

Affirmed

Filed: September 16, 1992

[Do Not Publish]


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).