In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-399 CR


____________________



JOHNATHAN TODD LEBLEU, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause No. 90269






MEMORANDUM OPINION


 A jury found Johnathan LeBleu guilty of aggravated assault on a public servant, a
third degree felony. (1) The charge was enhanced by his prior felony conviction for burglary
of a habitation, and he was sentenced to three years in prison. On appeal, LeBleu contends
his trial counsel rendered ineffective assistance. 

 Under Strickland v. Washington, a defendant who claims ineffective assistance of
counsel must show counsel's conduct "fell below an objective standard of reasonableness[,]"
and there is a reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); see also Salinas v. State, 163 S.W.3d 734,
740 (Tex. Crim. App. 2005). Our review of trial counsel's performance is highly deferential,
and there is a strong presumption that counsel's conduct fell within a wide range of 
reasonable professional assistance. Salinas, 163 S.W.3d at 740. The claim must be "firmly
founded in the record," and the record must affirmatively demonstrate the alleged ineffective
assistance. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We consider
the totality of the representation. Id. 

 LeBleu argues his trial counsel was ineffective because he failed to file a motion in
limine; failed to subpoena records; failed to object to prejudicial, irrelevant evidence,
including an extraneous offense; and introduced into evidence the prejudicial narrative report
of the officer. LeBleu also claims counsel failed to prepare him to testify. 

 On August 9, 2003, officers Anderson and Lisenby were on patrol around the S & R
Lounge in Beaumont, Texas. Anderson asked a driver (LeBleu) in one of the cars in the
club's parking lot to turn the stereo down. LeBleu stared at the officer and rubbed his hands
back and forth across his thighs. Concerned about LeBleu's nervousness, Anderson asked
him to step outside the car. While Anderson was performing a pat-down for weapons,
LeBleu covered his front pockets with his hands, used his elbow to strike Anderson in the
chest and shoulder, and then fled toward a residential neighborhood. In the ensuing chase
and struggle, Anderson fell and "split [his] elbow open[.]" LeBleu struck Anderson two
more times that night. While LeBleu was running away, Anderson observed him pull what
"looked like little bags of . . . white stuff" out of his pockets and discard them. Officer
Lisenby joined in the chase. While Lisenby and LeBleu were struggling on the ground,
Anderson sprayed LeBleu in the face with pepper spray to subdue him. All three went to the
hospital for their injuries. LeBleu was charged with assault on Anderson, a public servant. 

 LeBleu gave a different account of the night's events. He testified he stepped out of
his car without any request to do so. He also said he did not have a loud stereo system in his
car, and the officers never told him to turn the stereo down. LeBleu testified he took off
running when the officer began shining a flashlight in LeBleu's car. He said that after the
officers handcuffed him, they punched him in the eye and head, kicked his neck, stomped on
his back, hit him with a night stick and flashlight, dragged him while he was down, and
"maced" his entire body. LeBleu testified he did not strike the officers first. He explained
he ran from the police because he did not want to be caught driving without a driver's
license.

 In his brief, LeBleu sets out trial testimony he contends counsel should have objected
to or should never have elicited, because the evidence was irrelevant and prejudicial. He also
argues counsel compounded the problem by referring to this evidence during closing
argument. Some of the "objectionable" evidence related to the S & R Lounge: the officers
testified it was a night spot where shootings, stabbings, aggravated assaults, fights, numerous
narcotic violations, and sexual assaults had been occurring. A residential neighborhood
surrounds the club. Neighbors in the area call the police because of loud music, people
blocking the streets, fights, and gunshots. In August 2003 this was one of the "hot spots"
police were "trying to clean up." Other "objectionable" evidence cited by LeBleu was the
testimony about the white bags he allegedly dumped out of his pockets while running from
police. LeBleu argues this extraneous offense evidence was inadmissible, because it was
irrelevant and prejudicial and tended to show he had the propensity to commit crimes. See
Tex. R. Evid. 401, 402, 403, 404(b).

 Subject to certain exceptions, an officer's testimony explaining how he happened to
be at the scene of a crime or accident will almost always be relevant. (2) Schaffer v. State, 777
S.W.2d 111, 114-15 (Tex. Crim. App. 1989); Lee v. State, 29 S.W.3d 570, 577 (Tex. App.--Dallas 2000, no pet.) ("Police officers may testify to explain how the investigation began and
how the defendant became a suspect.") (citing Dinkins v. State, 894 S.W.2d 330, 347 (Tex.
Crim. App. 1995)). Further, the State generally is entitled to show the circumstances
surrounding an arrest unless the evidence is inherently prejudicial and has no relevance to
any issue in the case. Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). The
officers described the general environment at the club and its parking lot and explained, as
follows, why that environment and events associated with it required their presence in the
area: 

 [A] lot of times we'll go to these hot spots, particularly clubs we have a lot of
problems with, and we'll just drive through there; sometimes we'll step out,
we'll talk to people, ask people to turn their stereo down or we'll ask people,
you know, to clear the sidewalk or move their car or quit standing in the
roadway, let cars through. Or sometimes we'll just walk through the club. We
might check the liquor license for club establishment. And a lot of times when
we do that, we don't have . . . [p]roblems that night, because they know, "oh,
hey, the officers are out and about."


Anderson testified that during one of these patrols, he entered the club parking lot and
encountered LeBleu with a loud stereo. The testimony concerning the environment and
activities in and around the club explains why the officers were there and how LeBleu
became a suspect. Counsel's failure to object to this evidence is not sufficient to establish
ineffective assistance of counsel. 

 LeBleu also complains counsel was ineffective for failing to object to the admission
of the "white bags" testimony. Evidence of extraneous acts may be admissible to prove
motive under Tex. R. Evid. 404(b); Moses v. State, 105 S.W.3d 622, 626 (Tex. Crim. App.
2003); DeLeon v. State, 937 S.W.2d 129, 135-36 (Tex. App.--Waco 1996, pet. ref'd) (Fact
that defendant was driving a stolen car was admissible to show his fear of arrest and his
motive for attacking police who had stopped him.). Here, the evidence that LeBleu put his
hands over his front pockets during the pat-down, ran from the police, and discarded "little
white bags" while in flight was relevant to show LeBleu's motive for striking the policeman
and the reason for his flight. The fact that the bags were never found does not make the
officer's testimony inadmissible for lack of relevance or probativeness. The jury weighs the
credibility of the evidence and could have inferred LeBleu struck the officer and fled to keep
the police from discovering the contents of his pockets. See Tex. Code Crim. Proc. Ann.
art. 38.04 (Vernon 1979).

 The evidence may also have been viewed as "same transaction contextual evidence."
Evidence of other crimes, wrongs, or acts that occur in the same criminal transaction may be
admissible despite the general prohibition of Rule 404(b) where several acts are blended or
intermixed or so connected that they form an indivisible criminal transaction, and where "full
proof by testimony, whether direct or circumstantial, of any one of them cannot be given
without showing the others." Rogers v. State, 853 S.W.2d 29, 33-35 (Tex. Crim. App. 1993);
see also Prible v. State, 175 S.W.3d 724, 731-32 (Tex. Crim. App. 2005), cert. denied, 126
S.Ct. 481, 163 L.Ed. 2d 367 (2005). "[E]vents do not occur in a vacuum, and the jury has
a right to hear what occurred immediately prior to and subsequent to the commission of that
act so that it may realistically evaluate the evidence." Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000) (citing Archer v. State, 607 S.W.2d 539, 542 (Tex. Crim. App.
1980)). Here, the events surrounding the stop, flight, and arrest were so connected that they
formed an indivisible criminal transaction. The testimony was relevant for the jury to
understand why a person who was asked to turn down a stereo would strike a police officer
and then flee the scene. The lack of an objection to this evidence does not establish
ineffective assistance of counsel. See Poullard v. State, 833 S.W.2d 273, 278 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd)("Counsel is not ineffective in not objecting to admissible
evidence of the circumstances of a defendant's arrest."). 

 LeBleu also maintains that because the evidence was prejudicial, trial counsel should
have objected to its admission. Although relevant, the evidence may nonetheless be excluded
if the dangers of unfair prejudice outweigh the probative value of the evidence. Tex. R. Evid.
403. As other courts have noted, '"virtually all evidence offered by the prosecution will be
prejudicial to the defendant . . . ."' Kan v. State, 4 S.W.3d 38, 46 (Tex.App.--San Antonio
1999, pet. ref'd) (quoting Caballero v. State, 919 S.W.2d 919, 922 (Tex. App.--Houston [14th
Dist.] 1996, pet. ref'd). Therefore, only unfairly prejudicial evidence should be excluded. 
Kan, 4 S.W.3d at 46. The evidence regarding the club, parking lot, and white bags was
probative to show why the officers were at the scene and to show LeBleu's motive for assault
and flight. The record does not establish counsel was ineffective for failing to lodge a Rule
403 objection. 

 LeBleu argues the failure to file a motion in limine shows his counsel was ineffective. 
Failure to file pretrial motions is not categorically deemed ineffective assistance of counsel. 
Ryan v. State, 937 S.W.2d 93, 104 (Tex. App.--Beaumont 1996, pet. ref'd). The record does
not reveal trial counsel's strategy regarding his decision not to file a motion in limine. See
Thompson, 9 S.W.3d at 814. The filing of a motion in limine would not necessarily prevent
the admission of this evidence. See generally Norman v. State, 523 S.W.2d 669, 671 (Tex.
Crim. App. 1975). (A motion in limine may not be enforced to exclude properly admissible
evidence.). Under these circumstances, the failure to file a motion in limine to exclude
admissible evidence is not ineffective assistance of counsel. 

 LeBleu also contends trial counsel was ineffective because he submitted the police
report for admission into evidence. The report contained a reference to the white bags
LeBleu discarded from his pockets. This evidence had already been properly admitted
through Officer Anderson's testimony. Furthermore, counsel's strategy in offering the report
into evidence may have been to impeach Officer Lisenby by showing a discrepancy between
his testimony and the report. The officer acknowledged the report may have been unclear
and explained the alleged discrepancy. The jury was free to believe or not believe his
explanation. Because we do not second-guess counsel's strategy in hindsight, we cannot say
counsel was ineffective in offering the report into evidence. LeBleu also argues counsel was
ineffective by waiting until voir dire to file a Rule 404(b) motion to exclude evidence. This
allegation of ineffectiveness is not firmly established in the record. 

 LeBleu testified at trial and described how the police allegedly beat, kicked, dragged,
"maced," and injured him. The defendant's decision to testify allowed the State to rebut his
claims. Once he testified about the beating, the State was able to elicit testimony from
Anderson that LeBleu filed a complaint against the officers regarding their conduct that
night, and the Internal Affairs Department of the Police Department concluded the complaint
was unfounded. LeBleu argues trial counsel should have filed a motion in limine regarding
the investigation's results. However, a motion in limine does not prohibit the admission of
evidence; it merely requires the parties to come before the judge before mentioning the
evidence. Geuder v. State, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003). LeBleu was
found guilty of assaulting a police officer and the jury assessed his punishment at three years
out of a possible twenty. We fail to see how the decision to have LeBleu testify about an
alleged beating and the State's rebuttal of that testimony affirmatively demonstrate
ineffectiveness of counsel.

 LeBleu maintains his counsel failed to subpoena jail records that would have
substantiated his claim of a police beating. However, on this record, we do not know what
the jail records would have shown, whether trial counsel subpoenaed them, or whether the
records would have benefitted LeBleu. See Wade v. State, 164 S.W.3d 788, 796 (Tex. App.--Houston [14th Dist.] 2005, no pet.) (no ineffective assistance in counsel's failure to call
witnesses where no showing was made that witnesses were available to testify and that
defendant would have benefitted from their testimony). LeBleu testified in detail to the
alleged beating he received, and the trial judge admitted photographs LeBleu offered to
substantiate his claim. The record does not firmly establish ineffective assistance for failure
to subpoena records.

 LeBleu also argues counsel was ineffective for failing to object to the prosecutor's use
of terms calling for "legal conclusions." In response to a question, Officer Anderson stated
LeBleu assaulted him; at one point, trial counsel described the events as an "altercation" and
a "fight." We presume counsel was effective unless the record firmly establishes
ineffectiveness. This language does not establish ineffectiveness. 

 LeBleu maintains his trial counsel did not prepare him for trial and argues counsel was
ineffective because he allowed the State to refer to and use his exhibits (photographs of
LeBleu and his injuries) before they were admitted into evidence. The record does not firmly
establish either of these ineffectiveness claims. Trial counsel may have believed that the
more the jury was exposed to the injuries claimed by LeBleu, the more likely the jury would
believe his claim. 

 We conclude the record does not establish that trial counsel's representation "fell
below an objective standard of reasonableness" and that, but for the alleged errors, the result
of the proceeding would have been different. We overrule LeBleu's sole issue and affirm
the conviction.

 JUDGMENT AFFIRMED. 

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on October 10, 2005

Opinion Delivered February 1, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.

1. See Tex. Pen. Code Ann. § 22.01(a)(1), (b)(1)(Vernon Supp. 2005).
2. As noted in Schaffer, a "police officer, however, should not be permitted to relate
historical aspects of the case, replete with hearsay statements in the form of complaints and
reports on grounds that she was entitled to tell the jury the information upon which she
acted." Schaffer, 777 S.W.2d at 114-15 (footnote omitted).