Clarissa Lorretta WHITE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–84–00698–CR to
05–84–00701–CR.

Court of Appeals of Texas,
Dallas.

June 14, 1985.

Paul Chitwood, Dallas, for appellant.

John Vance, Dist. Atty., Dallas County, Anne Wetherholt, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, WHITHAM and McCLUNG, JJ.

McCLUNG, Justice.

Clarissa Lorretta White appeals four convictions for aggravated robbery. Punishment was assessed at confinement in the Texas Department of Corrections for life in cause numbers 05–84–00698–CR and 05–84–00701–CR, and for 99 years in cause numbers 05–84–00699–CR and 05–84–00700–CR. White asserts seven grounds of error, all of which we find to be without merit. Consequently, the judgment of the trial court is affirmed.

In her first three grounds of error, White contends that three written confessions were erroneously admitted into evidence because they were obtained as a result of her illegal arrest. As a result of the admission of the allegedly tainted confessions into evidence, she claims that her rights under U.S. CONST. amends. V, VI, and XIV, TEX. CONST. art. I, §§ 9 and 10, and TEX.CODE CRIM.PROC.ANN. arts. 38.21, 38.22, and 38.23 (Vernon 1979) were violated.

We first note with respect to White's complaint under the federal constitution, that we find no argument or authorities as to how her rights under the fifth, sixth, and fourteenth amendments were violated. Aside from White's bald assertion that these rights were violated, all of her arguments and contentions with respect to federal law are concerned with her fourth amendment rights.

Likewise, White presents no argument or authorities as to a violation of TEX.CODE CRIM.PROC.ANN. arts. 38.21 and 38.22 (Vernon 1979) or TEX. CONST. art. I, § 10. Her arguments are directed toward the insufficiency of the affidavit which was the basis of the arrest warrant. She does not argue that the confessions were otherwise improperly compelled, that the form or content of the written statements was not sufficient, or that the rights listed in article I, section 10 of the Texas Constitution were denied her.

■ In the absence of citation of authorities or argument, White's complaints under U.S. CONST. amends. V, VI, and XIV, TEX.CODE CRIM.PROC.ANN. arts. 38.21 and 38.22 (Vernon 1979), and TEX. CONST. art. I, § 10 present nothing for review. TEX.CODE CRIM.PROC.ANN. art. 40.09, § 9 (Vernon Supp.1985); *Woods v. State,* 569 S.W.2d 901, 905 (Tex.Crim.App.1978), *cert. denied,* 453 U.S. 913, 101 S.Ct. 3145, 69 L.Ed.2d 995 (1981). Accordingly, we limit our review of White's first three grounds of error to the alleged violation of her rights under U.S. CONST. amend. IV, TEX. CONST. art. I, § 9, and TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979).

Our initial inquiry is whether White's arrest was in violation of the Texas Constitution and the United States Constitution. Article I, section 9 of the Texas Constitution and the fourth amendment of the United States Constitution are the same in all material aspects. *Crowell v. State,* 147 Tex.Crim. 299, 180 S.W.2d 343, 346 (1944); *Kann v. State,* 694 S.W.2d 156 (Tex.App.—Dallas, 1985, no pet.) (majority opinion). In addition, the Texas Court of Criminal Appeals has consistently interpreted article I, section 9 of the Texas Constitution in harmony with the Supreme Court's opinions interpreting the fourth amendment. *Brown v. State,* 657 S.W.2d 797, 799 (Tex. Crim.App.1983). Accordingly, we will ad-

dress the issues raised under both constitutions together.

The affidavit for arrest warrant, signed by Officer Russell G. Graves, states that the affiant had "good reason and believe[s] that on or about the 16th day of December, 1983, ... Clarissa Loretta [sic] White ... commit[ted] the offense of aggravated robbery." The affidavit further states that such belief is based upon certain facts and information received from the affiant's personal investigation of the alleged offense. The affidavit then recites specific facts about one of the robberies and the informant's voluntary statement to the Dallas Police Department. White contends that the affidavit was deficient in that it fails to state any facts from which the affiant officer could conclude the informer was credible and that his information was reliable. As a result, she concludes that the affidavit fails to meet the two-pronged test for a valid search warrant articulated by the Supreme Court in *Aguilar v. State*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We reject White's contention that the affidavit was deficient and hold that her arrest was lawful.

■ We agree with White that in determining the sufficiency of the underlying affidavit for an arrest warrant we must apply the same test used for search warrant affidavits. *See Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971) and *Cole v. State*, 484 S.W.2d 779 (Tex.Crim.App.1972) (footnote 2). However, we disagree with her position that *Aguilar* is the current test. In *Illinois v. Gates*, 462 U.S. 213 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court announced that it was abandoning the two-pronged test of *Aguilar* and *Spinelli v. United States*, 393 U.S. 410 (1969). Instead of rigidly demanding that specific tests be satisfied by every informant's tip, the Supreme Court concluded that a "totality of the circumstances analysis that traditionally has informed probable cause determinations" is the better approach. *Gates*, 103 S.Ct. at 2332. The majority opinion further explains that the issuing magistrate is to make a practical, common-sense

decision based upon "all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information." *Gates*, 103 S.Ct. at 2332. Under the totality of the circumstances analysis the magistrate is freer to draw or refuse to draw reasonable inferences from the material supplied to him by applicants for a warrant than under the *Aguilar* and *Spinelli* approach. *Gates*, 103 S.Ct. at 2333. "[A] reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Gates*, 103 S.Ct. at 2332 (citations omitted). The Texas Court of Criminal Appeals adopted and applied the *Gates* totality of the circumstances approach to an attack on an arrest warrant affidavit in *Bellah v. State*, 653 S.W.2d 795 (Tex.Crim.App.1983) (en banc).

■ In this case, the affidavit recites that the informant, Nathan Walker, admitted he was with White when she robbed the Sundown Grocery Store on December 16, 1983. Even during the era of the more stringent *Aguilar* and *Spinelli* test, both the Supreme Court and Texas Court of Criminal Appeals recognized that an informant's declaration against his own penal interest, included in the affidavit, can be sufficient to support his reliability and credibility. *United States v. Harris*, 403 U.S. 573, 583, 91 S.Ct. 2075, 2081–82, 29 L.Ed.2d 723 (1971); *Evans v. State*, 530 S.W.2d 932, 938 (Tex.Crim.App.1975); *Abercrombie v. State*, 528 S.W.2d 578, 585 (Tex.Crim.App.1975). By admitting that he was with White during the robbery, the informant subjected himself to possible prosecution for aggravated robbery as a party to the offense under TEX.PENAL CODE ANN. § 7.01 (Vernon 1974). As the Supreme Court observed in *Harris*, "Common sense ... would induce a prudent and disinterested observer to credit these statements.... Admissions of crime, like admissions against proprietary interests carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search." 403 U.S. at 583, 91 S.Ct. at 2082.

Additionally, the affidavit indicates that the informant was an eyewitness to the offense. "Where ... the victim or eye-witness to the offense is the direct source of the information conveyed to the magistrate via a police officer," corroborative facts and other indicia of reliability are unnecessary. *Cummings v. State*, 651 S.W.2d 14, 15 (Tex.App.—Amarillo 1983, no pet.). *See also Jones v. State*, 568 S.W.2d 847 (Tex.Crim.App.1978) (en banc), *cert. denied*, 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1978); *Kolbert v. State*, 644 S.W.2d 150, 152 (Tex.App.—Dallas 1982, no pet.).

Accordingly, under the totality of the circumstances in this case, we hold that the magistrate had a substantial basis for concluding that there was probable cause to issue the arrest warrant. Because the arrest was lawful, neither the fourth amendment exclusionary rule nor the Texas statutory exclusionary rule, TEX.CODE CRIM. PROC.ANN. art. 38.23 (Vernon 1979), was violated by the admission into evidence of White's written confessions. White's first through third grounds of error are overruled.

 In her fourth ground of error, White argues that her motion for mistrial was erroneously denied when a witness for the State testified to prejudicial hearsay which would lead the jury to believe White was a known criminal. We disagree with that argument and hold that the testimony falls within the general rule that the trial court's instruction to the jury to disregard the witness' answer was sufficient to cure any error which may have occurred. *See Williams v. State*, 643 S.W.2d 136, 138 (Tex.Crim.App.1982); *Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Crim.App.1982).

The portion of the testimony complained of occurred as follows:

## REDIRECT EXAMINATION

BY MR. ALEXANDER:

Q And was one of the photographs of Clarissa Lorretta White?

A Yes, it was.

Q And was that photograph somewhat different than what she appears today?

A Oh, greatly. It was a five-year old picture, he told me.

MR. ADAMS: We're going to object to hearsay.

THE COURT: I will sustain it.

MR. ADAMS: Ask the jury to disregard.

THE COURT: The jury is instructed to disregard the last answer given.

The copy of the statement of facts provided to this court does not contain the page where White's motion for a mistrial was made and overruled. However, the State's brief acknowledges that White made such a motion and it was overruled. The lack of that part of the record would only change our reason for rejecting White's argument, not our ruling on this ground. Accordingly, we will assume that those actions were taken.

Based on a careful review of the testimony, we conclude that any inference that White had a prior criminal record was not strong enough to override the trial court's instruction to disregard. Consequently, White's fourth ground of error is overruled.

In her fifth and sixth grounds of error, White claims that the prosecutor's references to rehabilitation programs in the Texas Department of Corrections were unsworn testimony of the prosecutor which was outside the record and resulted in irreparable injury to White. Specifically, she contends those references encouraged the jury to set very lengthy periods of incarceration as punishment in each of the four offenses. After reviewing the prosecutor's argument in its entirety, we conclude that the portion of the argument which appellant finds offensive is not sufficiently inflammatory to require reversal.

The approved areas of jury argument are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex. Crim.App.1980); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973). Even if the argument exceeds those areas, reversible error occurs only if the argu-

ment: (1) is manifestly improper, harmful and prejudicial; or (2) is violative of a mandatory statute; or (3) injects new and harmful facts into the case. *Mathews v. State,* 635 S.W.2d 532, 539 (Tex.Crim.App. 1982); *Thomas v. State,* 621 S.W.2d 158, 164 (Tex.Crim.App.1981).

■ No mandatory statute was violated by the argument complained of in this case. To determine if the argument was manifestly improper or if it injected new and harmful facts into the case, its probable effect on the jury must be determined. *Mathews,* 635 S.W.2d at 540. The prosecutor's arguments must not only be improper, they must be of such a nature as would be clearly calculated to prejudice the defendant's rights. *Mathews,* 635 S.W.2d at 540. The argument in this case does not meet the foregoing tests for reversible error. Additionally, the trial court's instructions to the jury to disregard those portions of the argument were sufficient to render harmless any error which may have resulted. *Armitage v. State,* 637 S.W.2d 936, 940 (Tex.Crim.App.1982); *Hodge,* 631 S.W. 2d at 759. White's fifth and sixth grounds of error are overruled.

■ White complains in her seventh ground of error that her objections to the jury charge should have been sustained as the charge failed to apply the law of parties to the facts of the case. We reject this complaint and hold that the charge adequately applied the law of parties to the facts of the case.

Initially, we observe that all four charges were in the same form with the appropriate names and dates added. Next, we note that it is well settled that in determining if there was error in the jury charge, the charge must be read as a whole and our review must not be limited to any part standing alone. *Inman v. State,* 650 S.W. 2d 417, 419 (Tex.Crim.App.1983); *Morgan v. State,* 644 S.W.2d 766, 773 (Tex.App.— Dallas 1982, no pet.). In this case, the application portion of the charge specifically refers to and incorporates the definition of a party which is contained in the abstract portion. White does not contend, nor do we find, that the abstract instruc-

tion as to the law of parties was inaccurate. The application portion of the charge further instructs the jury that they should find the defendant guilty if they believe she was acting alone or as a party. Under these circumstances, when considered as a whole, the application portion of the charge was sufficient.

■ Even if we assume there was error in the charge, any such error was harmless. Reversal is required only if the error was calculated to injure the rights of the defendant; that is, some harm to the accused has resulted. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985). The degree of harm is to be determined "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza,* 686 S.W.2d at 171. Applying these factors, we find no reversible error. Accordingly, White's seventh ground of error is overruled.

Affirmed.