Opinion issued December 18, 2008


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00563-CR

 





JOSE PAULINO CHAVEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 874365 






MEMORANDUM OPINION


 A jury convicted appellant, Jose Paulino Chavez, a juvenile who had been
certified to be tried as an adult, of aggravated robbery, and assessed his punishment
at 35 years in prison and a $10,000 fine. (1) In two points of error, appellant argues that
the trial court erred in (1) denying his motion to suppress because police had no
probable cause for arrest and (2) admitting evidence from a previous writ of habeas
corpus hearing.

 We affirm. 

Background


 On February 15, 2001, a black male and appellant went into a dry cleaners,
where the complainant, Kimyen Tran, was working. The black male had a knife and
appellant had a gun. After they stole $100 from the complainant's cash register and
her jewelry, appellant took her to the back restroom, forced her to remove her
clothing, and sexually assaulted her. When the two men left the dry cleaners, the
complainant went to a nearby Domino's Pizza to call the police. 

 Officer Wise Epps of the Houston Police Department went to the dry cleaners,
where he was told by the complainant that one of the robbers was a black male and
the other a Hispanic male.

 When a black male came into the dry cleaners four days after the robbery and
asked for change, the complainant recognized his voice as that of the black male from
the robbery. The complainant activated the silent alarm, and Officer Brian Diettrich
of the Houston Police Department responded to the call. Officer Diettrich located the
black male, subsequently identified as Marvin Bates, across the street and arrested
him. Bates admitted he was at the scene, but he told Officer Diettrich that he was not
involved in the robbery, but was merely a witness. Bates identified appellant as the
person responsible for both the robbery and "something else" he did not want to
discuss (later determined to be the sexual assault). Bates described appellant for
Officer Diettrich, saying that he was Hispanic and had a tattoo on his arm that said
"ES." After Officer Diettrich determined that no warrant was required, he went to the
school where Bates and appellant were classmates and took appellant into custody. (2) 
Officer Diettrich determined he had probable cause to arrest appellant based on an
offense report, talking with the complainant, and talking with Bates. Following his
arrest, appellant wrote a statement that admitted his involvement in the aggravated
robbery and sexual assault. 

 On May 13, 2002, appellant pleaded guilty to the offense of aggravated robbery
and aggravated sexual assault and received a 35-year sentence. On April 5, 2006,
appellant argued at a writ of habeas corpus hearing that his plea was involuntary due
to erroneous advice from his attorney that he had to plead guilty or the sentences
would be stacked. The Court of Criminal Appeals agreed, and the aggravated robbery
case was remanded for a new trial. (3) On June 20, 2007, appellant's case went to trial,
and on June 25 the jury found him guilty and assessed punishment at 35 years and a
$10,000 fine. 

Motion to Suppress

In his first point of error, appellant contends that the trial court erred in denying
his motion to suppress because the police had no probable cause to arrest him. (4) 
Appellant argues that, because the police had no probable cause, his inculpatory
statement following the arrest was inadmissible. 

On June 21, 2007, the trial court held a hearing on appellant's motion to
suppress his inculpatory statement. Officer Diettrich testified in the suppression
hearing that he believed he had probable cause to arrest appellant based on the
offense report, talking with the complainant, and Bates's description of appellant. 
The offense report and the complainant established that the accomplice was Hispanic,
and Bates gave an exact name and description for appellant (while denying any
involvement in the actual crime). The trial court denied the motion to suppress,
finding that Officer Diettrich had sufficient probable cause to take appellant into
custody. 

Standard of Review

The trial judge is the sole trier of fact at a suppression hearing and thus
evaluates witnesses' testimony and credibility. Torres v. State, 182 S.W.3d 899, 902
(Tex. Crim. App. 2005). The denial of a motion to suppress is reviewed for abuse of
discretion, and we give great deference to the trial court's determination of historical
facts while reviewing de novo the trial court's application of the law. Balentine v.
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We examine the evidence in the
light most favorable to the trial court's ruling. State v. Ballard, 987 S.W.2d 889, 891
(Tex. Crim. App. 1999). 

Under the Family Code, section 52.01, a juvenile may be taken into custody
without a warrant if there is probable cause to believe the juvenile has violated a
penal law of the state. See Tex. Fam. Code Ann. § 52.01(a)(3)(A) (Vernon 2002). 
We look at the "totality of the circumstances" in determining whether probable cause
existed. Balentine, 71 S.W.3d at 768.

Probable Cause

Probable cause has been defined as the existence of reasonably trustworthy
information sufficient to warrant a reasonable person to believe that a particular
person has committed an offense. Ballard, 987 S.W.2d at 892. "Probable cause to
arrest exists when the facts and circumstances within the knowledge of the arresting
officer, and of which he has reasonably trustworthy information, are sufficient to
warrant a reasonable and prudent man in believing that a particular person has
committed or is committing a crime." Cornealius v. State, 870 S.W.2d 169, 172 (Tex.
App.--Houston [14th Dist.] 1994), aff'd, 900 S.W.2d 731 (Tex. Crim. App. 1995). 
"A statement against penal interest is inherently credible and may be sufficient, in and
of itself, to establish probable cause." Id. "In reviewing the sufficiency of probable
cause, the appellate court will look to the facts and circumstances of each case." Id. 

We must defer to the trial court's finding that Officer Diettrich was a credible
witness. See Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005) (holding
that trial court evaluates witnesses' credibility and demeanor). What we must
determine is whether it was reasonable for Officer Diettrich to believe there was
probable cause to take appellant into custody based on the information given to him. 
 In Cornealius, in which a participant in a crime confessed and turned in two
accomplices, the court of appeals held that a statement against one's own penal
interest that implicates someone else is inherently credible and may be sufficient to
establish probable cause for an arrest. 870 S.W.2d 169, 171-72 (Tex.
App.--Houston [14th Dist.] 1994), affirmed, 900 S.W.2d 731 (Tex. Crim. App.
1995). In White v. State, the court held that an informant's admission that he was
with the defendant when she committed a robbery, was a declaration against his own
penal interest. 746 S.W.2d 775, 777-78 (Tex. App.--Dallas 1985, no pet.).

The State argues that Bates's statement to Officer Diettrich was against his own
penal interest, and therefore inherently credible, so as to be sufficient as a basis for
probable cause. The State argues that it was against Bates's own interest because he
placed himself at the scene with appellant and he mentioned the sexual assault to the
police, which only an accomplice with appellant could have known about. Appellant
contends, however, that Bates's statement was not against Bates's own penal interest,
but rather an opportunity for Bates to exculpate himself by implicating someone else. 
Appellant argues that this distinction discredits Bates's statement and negates
probable cause to arrest appellant. Furthermore, appellant argues that Bates's
statements were not against Bates's own interest because being at the scene and
describing what happened could be a statement of a witness, not necessarily that of
an accomplice. 

The fact that Bates denied involvement when implicating appellant is a
distinction between the instant case and the cases cited by the State. Additionally,
unlike White, Bates did not say that he was "with" appellant, only that he was present
during the commission of the crime, which is not necessarily self-implicating. 
However, by his statement, Bates indicated knowledge not only of the robbery but of
"something else," namely the sexual assault, and he identified the assailant by name,
described him as a Hispanic male along with other specific traits, and knew where he
could be found. Only the black male identified as having accompanied the Hispanic
male during the robbery could have known about the something else, and the
complainant had already identified Bates as the black male who had robbed her when
Bates identified appellant. We conclude that Bates's statement was a statement
against his self-interest and inherently credible. Accordingly, we conclude that
Bates's statements were sufficient to give Officer Diettrich probable cause to take
appellant into custody.

Moreover, even if Bates's statements standing alone, were insufficient to
support a finding of probable cause, we must look not just at Bates's statements to the
officer, but at the totality of the circumstances to determine probable cause. See
Balentine, 71 S.W.3d at 768. This totality includes other facts that the State presents
as providing support for a probable cause determination. Officer Dietrich testified
that he had probable cause to arrest based not just on the information supplied by
Bates but also the police report (5) and information supplied by Tran. The information
supplied by Bates (such as appellant's being Hispanic, taller than Bates, having dark
hair, being clean-shaven, and having the tattoo) was corroborated by information in
the police report regarding the description of the Hispanic perpetrator and by Officer
Diettrich when he took appellant into custody. These facts support a finding of
probable cause. 

 We conclude that the information on which appellant was taken into
custody was based was sufficiently trustworthy to allow a reasonable person to find
probable cause. We conclude that the trial court did not abuse its discretion in
denying appellant's motion to suppress. Thus, the trial court did not err in admitting
appellant's inculpatory statement because Officer Dietrich's act of taking him into
custody was not illegal due to lack of probable cause. 

We overrule appellant's first point of error. 

Admissibility of Evidence

In his second point of error, appellant contends that it was improper for the trial
court to allow into evidence inculpatory statements made by appellant during an
earlier writ of habeas corpus hearing.

Appellant challenged the voluntariness of his original plea at a July 14, 2005
writ of habeas corpus hearing. During this hearing, appellant admitted that he had put
his penis in the complainant's mouth and forced her to perform oral sex. The only
time testimony about the nature of the offense was objected to during this hearing was
when appellant's trial lawyer was questioned about the offense, and that objection
was overruled. Appellant's testimony from the habeas corpus hearing was admitted
at the subsequent re-trial. 

 At trial, appellant objected to the State's use of appellant's habeas corpus
testimony on the ground that the testimony was not an admission, but merely
appellant's acknowledgment of the State's evidence. Appellant also objected that it
would confuse the jury and, under Rule 403, (6) it would be more prejudicial than
probative. Appellant likened the testimony given at the habeas hearing to testimony
given at a suppression hearing for a limited purpose, which is inadmissible at trial. (7) 
The State responded that it did nothing wrong. The trial court noted that, at the
habeas hearing, appellant's counsel had first asked appellant whether the details from
the crime were correct, to which appellant responded, "Yes, sir." The trial court ruled
that the State could read appellant's habeas testimony to the jury.

 On appeal, appellant argues that his Fifth Amendment (8) right against self-incrimination was violated. Appellant's trial objection does not comport with his
objection on appeal. Accordingly, we conclude that appellant has not preserved error,
if any. See Tex. R. App. P. 33.1; Turner v. State, 87 S.W.3d 111, 117 (Tex. Crim.
App. 2002). 

 We overrule appellant's second point of error.







Conclusion

 We affirm the judgment of the trial court.





 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Penal Code Ann. § 29.03 (Vernon 2003).
2. Appellant was 15 years old when Bates took him into custody.
3. Ex parte Chavez, Nos. AP-75368 & AP-75369, 2006 WL 864318 (Tex. Crim. App.
2006). 
4. A juvenile is taken into custody, not arrested. See Tex. Fam. Code Ann. § 52.01
(Vernon Supp. 2008).
5. The police report apparently said an Hispanic male committed the robbery.
6. See Tex. R. Evid. R. 403.
7. When a defendant testifies in support of a motion to suppress evidence, his testimony
may not thereafter be admitted against him at trial on the issue of guilt unless he
makes no objection. Riojas v. State, 530 S.W.2d 298, 302 n.1 (Tex. Crim. App. 1975)
(quoting Simmons v. United States, 390 U.S. 377, 394, 88 S. Ct. 967, 976 (1968)). 
8. U.S. Const. amend V.