**Athol Warren PACKER, Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–10–00552–CR.**

Court of Appeals of Texas,
Dallas.

Aug. 10, 2011.

Ordered Published Dec. 22, 2011.

W. Troy McKinney, Schneider & McKinney, Houston, TX, for appellant.

John R. Roach, Sr., Collin County District Attorney, McKinney, TX, for Appellee.

Before Chief Justice WRIGHT and Justices FRANCIS and MYERS.

## OPINION

Opinion by Chief Justice WRIGHT.

Athol Warren Packer appeals his conviction for driving while intoxicated. The trial court accepted appellant's plea and pursuant to a plea agreement assessed punishment at 120 days' confinement, probated for twelve months, and a $700 fine. Appellant brings this appeal to challenge the trial court's rulings on two pretrial motions. The State filed a letter in lieu of a brief in which it concedes that the trial court committed reversible error in one of

its rulings. The State urges the Court to remand the case for a new trial. Because we conclude the trial court erred, we reverse the trial court's judgment and remand the case for further proceedings.

## BACKGROUND

Before trial, appellant filed a motion styled "Motion To Play Video For Defense Cross–Examination, Defense Direct Examination, In Closing Arguments[,] In A Motion To Suppress Outside The Presence Of The Jury." In his motion, appellant stated:

> [The trial court] had a long standing policy of not allowing litigants to use a properly admitted DWI video/audio recording for a defendant for purposes of cross examination of the arresting officer in the State's case in chief, for direct examination of defense witnesses in defendant's case in chief, for use before the jury prior to closing argument or to play the same during closing argument. Rather, it is understood that the court will admit the recording and allow the jury to use it only during deliberation.

Appellant's motion requested permission to use the videotapes before the jury for purposes of cross-examination of the State's witnesses and direct examination of defense witnesses. The record reflects the trial court denied appellant's motion, ruling in part: "[n]either party may cause recordings to be published, reproduced, or played in open court during the trial."

Appellant then filed a motion to recuse the trial court judge, contending the trial court's routine practice of not allowing defendants to play or use audiotapes and videotapes during the questioning of witnesses constituted bias and denied appellant his federal constitutional rights to due process of law, cross-examination, compul-

sory process, confrontation, a fair trial, effective assistance of counsel, and his right to present a defense. Appellant further alleged the trial court's policy denied him his rights under the state constitution to put on a defense, to due course of law, to cross-examination, to confrontation, to a fair trial, to compulsory process, and to effective assistance of counsel. Appellant represented in his motion that there are two videotapes at issue in appellant's case; one was a forty-seven-minute recording at the scene of the offense, and the second was a four-minute long "station video." Appellant attached to his motion the certifications of twenty-six attorneys attesting that each attorney was familiar with the trial judge's "electronic recording practices, policies and limitations in DWI cases" and the representation in the motion to recuse is "generally true to the best of my knowledge."[1] The State filed a response to the motion to recuse agreeing with defense counsel that the trial court's "blanket refusal to allow publishing of DWI videos in the court room is incorrect .... and appears to violate the Constitutional requirement of a public trial and improperly limits the defendant's right to cross-examine witnesses." The State further responded that the trial court's policy also limited incorrectly the State's right and duty to present evidence and issues before the jury. Nevertheless, the State contended, because the ruling applied to both the State and the defense, it did not demonstrate the type of bias requiring recusal.

The trial court judge refused to recuse himself and the matter was referred to a visiting judge. During the hearing, appellant presented his constitutional arguments and the State reiterated its position

---

1. One attorney qualified his certification with a notation that he had refrained from trying any cases in the trial court because of the policy and a second stated he was familiar with the trial court's policy but had never been personally subjected to it.

that the trial court judge had erred on the merits but had not exhibited any bias or prejudice in doing so. The visiting judge denied appellant's motion to recuse. Thereafter, appellant pleaded guilty pursuant to the plea agreement and this appeal followed.

## STANDARD OF REVIEW

We review a trial court's ruling on evidentiary matters under an abuse of discretion standard. *Billodeau v. State,* 277 S.W.3d 34, 39 (Tex.Crim.App.2009). A trial court abuses its discretion if its action is arbitrary or unreasonable. *State v. Mechler,* 153 S.W.3d 435, 439 (Tex.Crim.App. 2005). We determine whether the trial court acted without reference to any guiding rules and principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). We consider the ruling in light of what was before the trial court at the time it was made and uphold it if the ruling lies within the zone of reasonable disagreement. *Billodeau,* 277 S.W.3d at 39.

## DISCUSSION

In his first point of error, appellant contends the trial court's ruling forbidding the playing of exhibits during trial, and more broadly its policy on video evidence, constitutes an abuse of discretion, deprived him of the right to effective assistance of counsel under the Sixth Amendment and Article I, section 10 of the Texas Constitution, and deprived him of his right to present a defense and confront the witnesses against him in violation of the Sixth and Fourteenth Amendments. Appellant concedes the trial court has the discretion to set reasonable restrictions on how video evidence is published to the jury, but he contends a blanket policy prohibiting the use of such evidence during direct and cross-examination without regard to the individual facts and circumstances of a case is an abuse of discretion. Appellant contends the ruling excluding videotape evidence harmed him by eliminating his counsel's ability to present evidence in a manner that allows the jury to assimilate it as the trial progresses. He contends it is unreasonable to expect jurors to remember details developed during examination and cross-examination about recordings they have not seen or heard, and diminishes his ability to effectively cross-examine witnesses by removing the jurors' ability to actually see the impeachment evidence. In the event the jury does choose to examine the videotape during its deliberations, appellant contends the failure to present it contemporaneously with the testimony discussing it makes it more difficult for the jury to match up the video with the questions asked because the lawyers are unable to show the jury what is being referenced. Appellant contends his constitutional rights are violated by a ruling that deprives his counsel of the ability to show properly admitted evidence to the jury, explain its significance, use it to support opinions that appellant was not intoxicated, and to confront and impeach the State's witnesses to expose inconsistencies in the witnesses's testimony.

In its letter brief, the State agreed with appellant that the trial court's ruling was arbitrary and erroneous, although the State chose different grounds for objecting. The State contends:

> [b]y denying the parties the opportunity to present video evidence to the jury during direct and cross-examination, without regard to the underlying relevance of the evidence, its probative value, or any other factor related to the conduct of the trial, the trial judge arbitrarily deprived the parties of an open and public trial as required by the Texas Constitution.

The State's concession of error, while important, is not conclusive and does not relieve the Court of its duty to independently examine the merits of appellant's issue. *See Estrada v. State,* 313 S.W.3d 274, 286 (Tex.Crim.App.2010).

■ The trial court enjoys broad discretion in managing the course of a trial. *See* TEX.R. EVID. 611(a); *Dang v. State,* 154 S.W.3d 616, 619 (Tex.Crim.App.2005). The trial court's discretion, however, is not unlimited. Under rule 611, the trial court's discretion is limited to that which is (1) reasonable and (2) in the pursuit of justice as well as efficiency. *See Dang,* 154 S.W.3d at 619. The trial court may not exercise its authority in such a manner as to deprive a defendant of a meaningful opportunity to present a complete defense. *Holmes v. State,* 323 S.W.3d 163, 173 (Tex. Crim.App.2010) (op. on reh'g) (quoting *Holmes v. South Carolina,* 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006)).

■ As the court of criminal appeals has stated in discussing documentary evidence, "[u]pon admission by the trial court, the jury is permitted to access the evidence in some manner. Access to the evidence at the time of its admission permits the parties to build their cases during trial." *Wheatfall v. State,* 882 S.W.2d 829, 838 (Tex.Crim.App.1994). We agree with the parties that the trial court's ruling prohibiting the publication of the videotape evidence to the jury in a timely manner, a decision preordained by the trial court's policy without reference to the facts and circumstances of this case, was arbitrary and constitutes an abuse of the trial court's discretion. *See Billodeau,* 277 S.W.3d at 39; *Mechler,* 153 S.W.3d at 439; *Montgomery,* 810 S.W.2d at 380. We further conclude the trial court's order deprived appellant of a meaningful opportunity to defend himself, and violated appellant's rights under the Sixth and Fourteenth Amendments to present his defense and confront the witnesses against him. *See Holmes,* 323 S.W.3d at 173.

■ Having concluded the trial court erred, we must determine whether the error harmed appellant. Because the error violated appellant's constitutional rights, we will reverse appellant's conviction unless we determine beyond a reasonable doubt the error did not contribute to appellant's conviction or punishment. *See* TEX.R.APP. P. 44.2(a); *Holmes,* 323 S.W.3d at 173–74.

After the trial court issued its ruling, and appellant's motion to recuse was denied, appellant chose to enter into a plea agreement with the State and plead guilty to the charge with a sentencing recommendation from the State. During the plea hearing, appellant's counsel made the following announcement to the trial court:

> Just to make the record clear that [appellant] is entering his plea in order to seek a meaningful appella[te] review on and of the merits of his pretrial motion to recuse and his pretrial motions to allow...the playing of the videotape. He would not have pled guilty if he could not obtain meaningful appella[te] review on the denial of the merits of those motions.

On this record, we cannot conclude the trial court's violation of appellant's constitutional rights did not contribute to his decision to plead guilty or to his conviction and punishment. *See* TEX.R.APP. P. 44.2(a); *Holmes,* 323 S.W.3d at 174. Accordingly, we sustain appellant's first point of error.

Having sustained appellant's first point of error and determined that the error is sufficient to justify reversing his conviction, we need not take up appellant's second point of error.

## CONCLUSION

We reverse the trial court's judgment and remand this case to the trial court for further proceedings.