**AFFIRM; and Opinion Filed December 10, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00910-CR

### ANGEL RICARDO RAZO, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-1360370-L**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Appellant, Angel Ricardo Razo, appeals his conviction for continuous sexual assault of a

child under 14 years of age. In two issues, appellant urges the trial court erred in denying his

motion to suppress certain statements he made as the product of an unlawful arrest, and in allowing

the testimony of Leslie Boutte, an expert on the dynamics of child sexual abuse. We affirm the

judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP.

P. 47.4.

### BACKGROUND

Appellant is the complainant D.R.'s father and Diana Castillo is her mother. During the

time period in question, D.R. lived with both parents and her two younger siblings. Near the end

of February 2010, D.R. told her mother that appellant had unlawfully touched her. Castillo

confronted appellant with D.R.'s allegation. At first, appellant remained silent and then he claimed he had not done anything wrong. Castillo took D.R. to the doctor to be examined. The doctor contacted Child Protective Services. D.R. then gave a forensic interview at the Dallas Children's Advocacy Center, and thereafter CPS closed the case due to lack of evidence.[1]

In the summer of 2010, Castillo moved to Houston with D.R. and her other children. Three years later, Castillo sought legal advice on divorcing appellant. Castillo told D.R. that a divorce might result in appellant having joint custody of D.R. and her siblings, with visitation rights. D.R. then told Castillo that appellant had sexually abused her for about a year and a half to two years. Castillo reported this to the Dallas Police Department. Shortly thereafter, D.R. gave a forensic interview at the Dallas Children's Advocacy Center. During the interview, D.R. revealed that appellant had sexually molested her for over a year, beginning when she was nine years old.

Appellant was arrested and interviewed by Detective Abel Lopez. The interview took place at the Dallas Children's Advocacy Center and was recorded. During the interview, appellant made admissions regarding sexual contact with D.R. A grand jury later indicted appellant for continuous sexual abuse of a child under the age of fourteen. At trial, the State called seven witnesses to testify. Among them were Castillo, D.R., therapist Leslie Boutte, and Detective Lopez.

Before Detective Lopez testified, the trial court conducted a hearing, outside the presence of the jury, on the admissibility of appellant's recorded statement. Appellant urged his statement was inadmissible for two reasons. First, he claimed, his statement was the product of an unlawful arrest. Second, he urged that his statement was involuntary because he had not affirmatively waived his rights under article 38.22 of the code of criminal procedure and *Miranda*. The trial court overruled appellant's objections and found appellant made the statement voluntarily. The

---

[1] During her first interview, D.R. told the interviewer that appellant had touched her on her stomach.

recorded statement was later admitted into evidence and a transcript, translated from Spanish to English, was admitted into evidence and published to the jury. The State called Leslie Boutte to give expert testimony on the dynamics of sexual abuse in children, the process of disclosure, and delayed outcries. Appellant did not testify and did not call any witnesses during the guilt-innocence phase of trial.

The jury found appellant guilty of the charged offense and sentenced him to thirty-eight years' confinement.

## DISCUSSION

In his first issue, appellant urges the trial court erred in denying his motion to suppress certain statements he made during his interview with Detective Lopez. We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's express or implied determination of historical facts and review de novo the court's application of the law. *Guevara v. State*, 97 S.W.3d 579, 582 (Tex. Crim. App. 2003).

At the hearing on appellant's motion to suppress, appellant contended, in part, that his incriminating statements should have been suppressed because they were the product of an illegal arrest. More specifically, appellant contended that the affidavit supporting the warrant for arrest did not state sufficient probable cause to allow the warrant to issue.

On appeal, appellant urges the affidavit of arrest warrant does not establish the recitations of affiant, Detective Kimberly Mayfield, were based on her personal knowledge and does not identify the source of the information presented.[2] As such, appellant contends the entire affidavit for arrest warrant constitutes hearsay without any valid basis for the belief the hearsay is from a

---

[2] Detective Mayfield states in her affidavit that her statements are based on her personal investigation of the alleged offense based upon information received from the complainant.

credible and reliable source. Hearsay is an evidentiary concept. TEX. R. EVID. 802. The rules of evidence, except privilege, do not apply to suppression hearings. *Grandos v. State*, 85 S.W.3d 217, 227 (Tex. Crim. App. 2002). A court can consider double hearsay at a suppression hearing. *Id.* at 226–27; *Newman v. State*, No. 2-02-00287-CR, 2003 WL 22457057, at \*4 (Tex. App.—Fort Worth Oct. 30, 2003, pet. ref'd) (mem. op., not designated for publication).

Thus, the issue before this Court is whether the affidavit for an arrest warrant provided the magistrate with sufficient information to support an independent judgment that probable cause exists to believe appellant committed a crime. *See Jones v. State*, 568 S.W.2d 847, 855 (Tex. Crim. App.), *cert. denied*, 439 U.S. 959 (1978). When reviewing a magistrate's decision to issue a warrant, both trial and appellate courts apply a highly deferential standard in keeping with the constitutional preference for a warrant. *See Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007). Reviewing courts must pay great deference to a magistrate's finding of probable cause to encourage police officers to use the warrant process, rather than making a warrantless arrest or search and later attempting to justify their actions by invoking some exception to the warrant requirement. *See Illinois v. Gates*, 462 U.S. 213, 236 (1983); *Rodriguez*, 232 S.W.3d at 59-60.

A reviewing court is simply to ensure the magistrate had a substantial basis for concluding probable cause existed. *See Gates,* 462 U.S. at 238-39; *Rodriguez,* 232 S.W.3d at 60. When a court reviews an issuing magistrate's determination, the court should interpret the affidavit or complaint in a commonsensical and realistic manner, recognizing the magistrate may draw reasonable inferences. *See Rodriguez*, 232 S.W.3d at 61. When in doubt, a reviewing court defers to all reasonable inferences the magistrate could have made. *Id.*

An affidavit made before a magistrate is called a "complaint" if it charges the commission of an offense. TEX. CODE CRIM. PROC. ANN. art. 15.04. An affiant must present a complaint that

allows the magistrate to independently determine probable cause and the magistrate's actions cannot be a mere ratification of the bare conclusions of others. *See id.* The complaint is sufficient, without regard to form, if it has the following substantial elements: (1) it must state the name of the accused, if known, and if not known, must give some reasonably definite description of him; (2) it must show the accused has committed some offense, either directly or the affiant has good reason to believe and does believe the accused has committed such offense; (3) it must state the time and place of the offense as definitely as can be done by the affiant; and (4) it must be signed by the affiant by writing his name or affixing his mark. *Id.* art. 15.05.

Information contained in an affidavit supporting an arrest may be based on either the affiant's personal knowledge or on hearsay information. *See Valadez v. State*, 476 S.W.3d 661, 670 (Tex. App.—San Antonio 2015, pet. ref'd). Normally, hearsay information must be shown to be credible and reliable. *Gates*, 462 U.S. at 241–42. Where the victim of an offense is the direct source of the information, there is no need to further demonstrate the basis of the knowledge. *See White v. State*, 746 S.W.2d 775, 778 (Tex. App.—Dallas 1985, no pet.).

The affidavit in support of the arrest warrant in this case was prepared by Detective Mayfield and signed by her on September 17, 2013. Detective Mayfield states in her affidavit that her information was obtained from her personal investigation of the offense, specifically, information she received from D.R. who was then fourteen years of age. The affidavit identifies appellant as the suspect, and recounts the statements of abuse D.R. made on the previous day during her interview at the Dallas Children's Advocacy Center.[3] The affidavit includes detailed statements of abuse that occurred when D.R. was nine and ten years old. To the extent Detective Mayfield's affidavit contains double hearsay, the trial court was entitled to consider that evidence at the suppression hearing, and given the information came from D.R. could conclude it was

---

[3] It is not clear from the record whether Detective Mayfield was present at the advocacy center and personally witnessed D.R.'s interview.

credible and supports the magistrate's probable cause determination. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to suppress on illegal arrest grounds.

Next, appellant contends his recorded statements should have been suppressed because he did not affirmatively waive his rights before speaking with Detective Lopez. Article 38.22 of the code of criminal procedure governs the admissibility of statements made by an accused during custodial interrogation. *Herrera v. State*, 241 S.W.3d 520. 526 (Tex. Crim. App. 2007). Prior to making a statement, an accused must be given warnings about his right to remain silent, right to an attorney, and the potential use of his statements as evidence. TEX. CODE CRIM. PROC. ANN. art. 38.22 §§ 2(a), 3(a)(2). The warnings are virtually identical to those required by the Fifth Amendment and set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966). The waiver of the rights contained in the warnings must be made voluntarily, knowingly, and intelligently. *Id.* at 444.

In determining whether a person has waived his rights, a court should consider (1) whether the relinquishment of the right was the product of a free and deliberate choice rather than intimidation, coercion, or deception; and (2) whether the waiver was made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *Joseph v. State*, 309 S.W.3d 20, 25 (Tex. Crim. App. 2010). Neither a written nor an oral express waiver is required. *Watson v. State*, 762 S.W.2d 591, 601 (Tex. Crim. App. 1988). An implied waiver can be established by showing that the defendant (1) was given the proper warnings; (2) understood the warnings and their consequences; and (3) made an un-coerced statement. *Howard v. State*, 482 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

At the suppression hearing, Detective Lopez testified that before obtaining appellant's statement, he read to him a series of Spanish-language *Miranda* warnings from a card he has and that appellant initialed each of the warnings and signed at the bottom of the card. Appellant indicated he understood the rights as Detective Lopez had explained to him and inquired about his

right to terminate the interview. Detective Lopez explained this right again. Thereafter, Detective Lopez asked appellant if he was willing to waive those rights and speak to him about the case and appellant responded, "Yes." At the conclusion of the hearing, the trial court overruled appellant's objections and stated "I find the statement was voluntary. The Defendant understood his rights. He did not invoke his rights. He understood and was willing to talk with Detective Lopez."

The record shows appellant was given the proper warnings. They were given to him in Spanish and the trial court found from the evidence presented that appellant understood the warnings, and we defer to that finding. *Shepherd*, 273 S.W.3d at 684. Moreover, there is no evidence of any coercion. Accordingly, we conclude the trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's first issue.

In his second issue, appellant urges the trial court erred in overruling his objection to the testimony of Leslie Boutte. Appellant does not challenge Boutte's qualification as an expert, rather he contends her testimony inappropriately bolstered the testimony of the complainant.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). A trial court abuses its discretion when its ruling is "outside the zone of reasonable disagreement." *See id* (quoting *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005)). A reviewing court should consider the ruling in light of what was before the trial court at the time the ruling was made. *See Packer v. State*, 442 S.W.3d 375, 378 (Tex. App.—Dallas 2011, no pet.).

If specialized knowledge will assist the trier of fact to understand evidence or determine a fact in issue, a witness qualified as an expert may testify to that specialized knowledge in the form of an opinion or otherwise. TEX. R. EVID. 702. The Texas Court of Criminal Appeals has acknowledged research concerning the behavior of sexually-abused children as a legitimate field of expertise. *See Cohn v. State*, 849 S.W.2d 818–19, (Tex. Crim. App. 1993) (recognizing types

of expert knowledge concerning the behavioral characteristics typically exhibited by sexual abuse victims). While an expert may not give a direct opinion on the truthfulness of the complainant or class of persons to which the complainant belongs, an expert's testimony concerning general behavioral traits of sex abusers and sexually-abused children as a class is admissible. *See id.* at 819.

Here, the State did not offer Boutte's testimony to provide a direct opinion on the complainant's truthfulness or the truthfulness of a class of persons to which the complainant belonged. Rather, Boutte's testimony was offered to explain the dynamics of sexual abuse, delayed outcries, and the process of disclosure. Expert testimony on these issues has generally been recognized as helpful to the jury in understanding child sex-abuse cases. *See, e.g.*, *Dennis v. State*, 178 S.W.3d 172, 182 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (upholding the admission of expert testimony regarding the characteristics and dynamics of sexually abused children); *Gonzalez v. State*, 4 S.W.3d 406, 417 (Tex. App.—Waco 1999, no pet.) ("Expert witness testimony that a child victim exhibits elements or characteristics that have been empirically shown to be common among sexually abused children is relevant and admissible under Rule 702 because it is specialized knowledge that is helpful to the jury."); *Bickems v. State*, No. 05-01-01167-CR, 2002 WL 1741684, at *2 (Tex. App.—Dallas July 29, 2002, pet. ref'd) (not designated for publication) (finding testimony of a child-abuse expert relevant to help jurors understand, among other things, why the complainant would not initially report abuse).

Boutee's testimony was admissible in order to educate the jurors in this area. The reliability of her testimony was sufficiently established and unchallenged under Rule 702, and therefore, it would have been within the trial court's discretion to overrule any such an objection. Accordingly, we overrule appellant's second issue.

**CONCLUSION**

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

170910F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ANGEL RICARDO RAZO, Appellant

No. 05-17-00910-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F13-60370-L.
Opinion delivered by Justice Schenck.
Justices Lang and Fillmore participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 10th day of December, 2018.