

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00626-CR

Alvin **VALADEZ** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 13-1568-CR-C
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  September 16, 2015

AFFIRMED

This case arises from the conviction of Appellant Alvin Valadez Jr. for felony possession of a controlled substance. After the trial court denied his motion to suppress, Valadez was convicted by a jury. Valadez entered a plea of true to the State's allegations regarding prior consecutive felony convictions and the jury assessed punishment at life confinement in the Institutional Division of the Texas Department of Criminal Justice.

In his sole issue on appeal, Valadez argues that the trial court erred by denying his motion to suppress evidence because the complaint supporting the arrest warrant failed to demonstrate

probable cause he committed the offense of engaging in organized criminal activity. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

#### 1.    *Valadez's Arrest*

On August 28, 2012, a Guadalupe County justice of the peace signed an arrest warrant authorizing the arrest of Alvin Valadez Jr. for the offense of engaging in organized criminal activity. The warrant was supported by a complaint asserting Valadez and five other individuals committed the offense of engaging in organized criminal activity with the underlying offense being the aggravated assault of Roberto Machado Herrera Jr.

#### 2.    *Arrest Warrant*

Seguin Police Department Detective Clinton Halbardier signed the five-page complaint[1] based on his investigation and that of the Seguin Police Department. In his application, Detective Halbardier reported he relied on statements provided by four unnamed informants who directly witnessed the assault in question or were privy to certain circumstantial evidence relating to the assault. Detective Halbardier further averred that he believed these witnesses to be credible and the magistrate could rely on them. He cited interviews with the victim, previous investigations of the listed suspects, and Seguin Police Department offense reports and supplemental reports.

Detective Halbardier's complaint asserted that on August 26, 2012, Herrera was approached by five or six men who questioned him about his gang affiliation. After Herrera informed the group he was part of the "Orejones," the group asserted they were the "EME" or the "Merecido," common names for the Mexican Mafia. The group further instructed Herrera that he

---

[1] We note Detective Halbardier is the complainant on the application of the arrest warrant. His statement is sworn before the magistrate. The terms complaint and affidavit are, therefore, used interchangeably in this opinion.

should deny being a member of the Orejones because he was in Merecido territory. As Herrera exited his vehicle, one of the individuals waived his arm and Herrera was attacked from behind with a knife. Herrera was stabbed and beaten.

Detective Halbardier averred that all six suspects, including Valadez, were confirmed to be active gang members. The officer outlined Valadez's affiliation as "a documented Mexican Mafia gang member" and a "lieutenant with the Mexican Mafia," based on national and state database information searches.

Detective Halbardier also relied on the statements of four witnesses who asked to be unnamed in the complaint for "personal safety and security reasons." Two of the witnesses were gainfully employed, had previously provided credible information, and had acquaintances involved in the Mexican Mafia. The third witness was present during the assault and his statement corroborated Herrera's statements, and the final witness had no criminal history. Two of the four witnesses reported being threatened not to tell officers about the assault. Additionally, several of the informants reported the assault stemmed from suspicions that Herrera stole drugs from Valadez. Detective Halbardier's complaint concluded,

> considering all of the known facts and the current information provided by the witnesses, [Valadez] has been named multiple times in the past as the leader of the Mexican Mafia in Seguin. [Valadez] is acting in concert with the other suspects in trying to threaten witnesses not to give their testimony to police and to help avoid prosecution for the aggravated assault on the victim.

A Guadalupe County justice of the peace issued the arrest warrant that same day, authorizing the arrest of Valadez for the offense of engaging in organized criminal activity. After locating and securing Valadez, Guadalupe County Sheriff's Office Investigator David Camacho executed the arrest warrant and conducted a search incident to arrest. During the search, Investigator Camacho discovered four balloons of heroin in Valadez's pocket.

**B.** **Hearing on the Motion to Suppress the Arrest Warrant**

On August 20, 2014, the trial court held a hearing on Valadez's motion to suppress the arrest warrant based on the complaint's failure to establish probable cause.

Investigator Camacho testified that on August 28, 2012, he traveled to Valadez's residence to arrest Valadez. Investigator Camacho was familiar with Valadez and positively identified Valadez at his residence; after a short scuffle, Valadez was taken into custody without further incident. The officer conducted a search incident to arrest and located four balloons of heroin in Valadez's pocket.

Detective Halbardier described the overall structure of the Mexican Mafia and that lieutenants were generally in charge of day-to-day operations in a specific city or county. He also relayed the Mexican Mafia was known for engaging in both sanctioned and unsanctioned assaults. Detective Halbardier testified that, in his opinion, the assault on Herrera was a sanctioned assault by Valadez.

Following the conclusion of the hearing, the trial court denied Valadez's motion to suppress the evidence but did not make findings of fact or conclusions of law at that time. The case was called before a jury on August 25, 2014. After both sides rested and closed their cases, but prior to closing arguments, the trial court stated, on the record, the following findings of fact and conclusions of law.

> [Valadez] was arrested on a warrant issued on August 28th, 2012, by Justice of the Peace Precinct Four, Guadalupe County, based on a probable cause [complaint] submitted by Detective Clint Halbardier.
>
> The probable cause [complaint] for said warrant contained information which established probable cause for Alvin Valadez, Jr., to be charged with various offenses, including conspiracy to commit aggravated assault, aggravated assault as a party to that offense, organized criminal activity to commit aggravated assault, obstruction or retaliation, and even possibly tampering with witnesses. Because such probable cause was established for each offense, the Justice of the Peace could've issued the warrant naming any of those felony offenses.

> The arresting officers were acting in good faith reliance on the warrant. Even if the probable cause was inadequate for organized criminal activity, probable cause was established for other felony offenses.

*See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (holding the trial court's findings of fact and conclusions of law are sufficient if they are "recorded in some way, whether written out and filed by the trial court, or stated on the record at the hearing").

In his sole issue on appeal, Valadez argues that because the complaint supporting the arrest warrant failed to demonstrate probable cause that Valadez committed the offense of engaging in organized criminal activity, the trial court erred by denying his motion to suppress the arrest warrant.

## SUPPRESSION OF ARREST WARRANT

### A.      Standard of Review

An appellate court reviews a trial court's ruling on a motion to suppress on a bifurcated standard of review, giving almost total deference to the trial court's determination of historical facts that depend on credibility choices; we review the court's application of the law de novo. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *see also Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because we look only within the four corners of the complaint to determine whether probable cause to issue a warrant exists, the trial court is not required to make any credibility choices in inspecting the affidavit. *Robuck v. State*, 40 S.W.3d 650, 654 (Tex. App.—San Antonio 2001, pet ref'd).

We note this case involves not only the trial court's determination of probable cause, but also the underlying question of the magistrate's probable cause determination. In doing so, we use a substantial basis standard of review based on the totality of the circumstances presented to the magistrate. *See Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (applying *Illinois v.*

*Gates*, 462 U.S. 213, 236–39 (1983). A trial court's ruling on a motion to suppress will be upheld if there is any valid theory of law applicable to the case, even if the trial court did not base its decision on that theory. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).

## B.      Argument of the Parties

Valadez contends that because the State failed to demonstrate the arrest warrant was supported by a complaint demonstrating probable cause to arrest on the charge of engaging in organized criminal activity, the trial court erred in denying Valadez's motion to suppress. Valadez argues that the warrant was devoid of the facts necessary to support a magistrate's independent judgment that probable cause existed that either Valadez, "or any other named suspects, acted with the intent to establish maintain or participate in the profits of a combination or a criminal street gang."

The State counters that the arrest warrant was supported by probable cause for the offense because the issuing magistrate could reasonably infer that Valadez had conspired with other members of the Mexican Mafia to commit an aggravated assault against Herrera.

## C.      Probable Cause to Support Issuance of the Warrant

"An arrest warrant affidavit must provide the magistrate with sufficient information to support an independent determination that probable cause exists to believe that the accused has committed a crime." *McFarland v. State*, 928 S.W.2d 482, 509 (Tex. Crim. App. 1996), *abrogated on other grounds by Mosley v. State*, 983 S.W.2d 249, 263 n.18 (Tex. Crim. App. 1998); *see also State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012); *Gurrusqueita v. State*, 244 S.W.3d 450, 452 (Tex. App.—Fort Worth 2007, pet. ref'd). We must, therefore, determine whether the probable cause affidavit in question provided the magistrate with sufficient information to support an independent judgment that probable cause existed to issue a warrant for Valadez's arrest. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).

*1.        Totality of the Circumstances*

A reviewing court's assessment of the affidavit's sufficiency is limited to "a reasonable reading" within the four corners of the affidavit while simultaneously recognizing the magistrate's discretion to draw reasonable inferences. *See Duarte*, 389 S.W.3d at 354 (citing *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007)); *State v. Coker*, 406 S.W.3d 392, 395 (Tex. App.—Dallas 2013, pet. ref'd). The magistrate's probable-cause determination must be upheld if the magistrate had a substantial basis for concluding that a search would uncover evidence of a crime. *See Duarte*, 389 S.W.3d at 354 (citing *Illinois v. Gates*, 462 U.S. at 236). Probable cause requires the affiant to demonstrate there is a probability that the accused committed an offense, not that the evidence proves the suspect's guilt beyond a reasonable doubt. *Moss v. State*, 75 S.W.3d 132, 140 (Tex. App.—San Antonio 2002, pet. ref'd). "This is a flexible, nondemanding standard." *Coker*, 406 S.W.3d at 396 (citing *Duarte*, 389 S.W.3d at 354). A magistrate is enabled to draw reasonable, common-sense inferences from the facts and circumstances contained in the affidavit; however, a magistrate may not merely rubber stamp the bare conclusions of others. *See also Duarte*, 389 S.W.3d at 354, *Rodriguez*, 232 S.W.3d at 61.

Our review focuses on the sufficiency of affidavits on which warrants are issued "to ensure . . . an abdication of the magistrate's duty does not occur." *Gates*, 462 U.S. at 239. Our review must remain realistic and not hyper-technical and we "must uphold the magistrate's decision so long as the magistrate had a substantial basis for concluding that probable cause existed." *Duarte*, 389 S.W.3d at 354; *accord State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

An appellate court's focus cannot be on what other facts "could or should have been included in the affidavit," but rather must be "on the combined logical force of facts that actually are in the affidavit." *Duarte*, 389 S.W.3d at 354–55; *accord Rodriguez*, 232 S.W.3d at 60. The affiant's reliability, as well as the reliability of his sources, are part of the totality of the

circumstances that the magistrate should evaluate in making a probable-cause determination. *See Coker*, 406 S.W.3d at 396.

We thus turn to the circumstances set out within the four corners of the probable cause affidavit before us.

### 2.      *Charge Contained within the Arrest Warrant*

The complaint alleged that Valadez,

> on or about the 26th through 27th day of August, 2012, in Guadalupe County, Texas, did then and there commit the offense of Engaging in Organized Criminal Activity—Aggravated Assault by intentionally and knowingly causing serious bodily injury to the victim, Roberto Machado Herrera Jr., by punching, kicking and stabbing with a knife or lethal cutting instrument, while committing the act in concert of three or more individuals, against the laws of the State.

Detective Halbardier's affidavit averred that he relied on (1) the Seguin Police Department offense report and supplements, (2) multiple offense investigations involving several of the named suspects, (3) multiple witness interviews, (4) suspect interviews, (5) interviews of other involved persons, and (6) his personal observations. We first address Detective Halbardier's reliance on unnamed informants.

### 3.      *Affidavit's Reliance On Unnamed Informants*

"With regard to an informant's tips, we take into account the informant's veracity, reliability, and basis of knowledge to determine the value of his assertions, as well as whether his information is stale." *Rivas v. State*, 446 S.W.3d 575, 579 (Tex. App.—Fort Worth 2014, no pet.) (citing *Gates*, 462 U.S. at 233; *Davis v. State*, 144 S.W.3d 192, 197 (Tex. App.—Fort Worth 2004, pet. ref'd) (op. on reh'g)). "Corroboration of the details of an informant's tip through independent police investigation can also be relevant in the magistrate's determination of probable cause." *Davis*, 144 S.W.3d at 197 (citing *Gates*, 462 U.S. at 241–42). The affidavit must also set forth the basis upon which the officer formed the underlying "belief in an informant's credibility and

veracity." *Id.* "'[A] deficiency in one may be compensated . . . by a strong showing as to the other, or by some other indicia of reliability,' all of which are relevant considerations under the totality of the circumstances." *Id.* (quoting *Gates*, U.S. at 233).

"While information from an unnamed informant alone does not establish probable cause, the informant's tip combined with an independent police investigation may provide a substantial basis for the probable-cause finding." *Cf. Lowery v. State*, 843 S.W.2d 136, 141 (Tex. App.—Dallas 1992, pet. ref'd); *Serrano v. State*, 123 S.W.3d 53, 62–63 (Tex. App.—Austin 2003, pet ref'd). The unnamed informant's credibility may be established by allegations that the informant has proven reliable on previous occasions. *Blake v. State*, 125 S.W.3d 717, 726 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "This reliability may be established by the general assertions of the affiant, as stated in the affidavit, concerning the informant's prior reliability." *Id.*

Here, Detective Halbardier indicated he relied on four different unnamed witnesses. The first had "acquaintances involved in the Mexican Mafia and knows the details of the gang"; the second was present when the assault occurred and corroborated the victim's description of the assault; the third is gainfully employed and has acquaintances involved in the Mexican Mafia; and the fourth was a resident of Seguin with no criminal history. Detective Halbardier further opined, "I believe the unnamed witnesses are credible and that I and any magistrate can rely on their information in the matters such as these." Although the third and fourth informants cannot be characterized as eyewitnesses of the assault, both gave first-hand accounts of Valadez's tactics.

Detective Halbardier knew who the informants were and could hold them accountable for their statements and was able to establish each informant's inherent reliability or basis of knowledge. Additionally, each of the witnesses provided their statements directly to the police, rather than placing an anonymous call or tip, and were unnamed for the sake of their safety. *See Lockett v. State*, 879 S.W.2d 184, 188 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd).

*4.        Other Information Relied upon by the Officer*

Information "of unknown reliability must be coupled with facts from which an inference may be drawn that the *informant* is credible." *Duarte*, 389 S.W.3d at 357.  However, when the affidavit contains information given by an informant or eyewitness, the affidavit is sufficient if the information adequately suggests direct knowledge on his or her part.  *Wilkerson v. State*, 726 S.W.2d 542, 545 (Tex. Crim. App. 1986); *Belton v. State*, 900 S.W.2d 886, 894 (Tex. App.—El Paso 1995, pet. ref'd) ("if the named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act . . . the credibility and reliability of the informant is inherent").

Detective Halbardier relied on another officer's interview of the victim taken at the hospital.  In *Davis v. State*, 202 S.W.3d 149, 156 n.20 (Tex. Crim. App. 2006), the Texas Court of Criminal Appeals stated that "[o]bservations reported to the affiant by other officers engaged in the investigation can constitute a reliable basis for issuing a warrant."

a.        Victim's Statement

Herrera told Seguin Police Detective Jaime Diaz that he was with two other individuals when they drove by a party and one of his friends began talking to Ezekiel Longoria, one of the named conspirators.  Longoria asked Herrera "what gang he belonged to," and Herrera replied "Orejones."  When Herrera exited the vehicle, Longoria waived his hand and two other individuals attacked Herrera from behind.  Herrera stated "approximately five to six males were assaulting at one time."  The informant also told Detective Diaz the assault was "set up" because Herrera was suspected of stealing narcotics that belonged to Valadez.  This statement was corroborated by the third informant's report that two of the individuals that attacked Herrera, including Valadez, threatened the informant to "keep his mouth shut."  *See Davila v. State*, No. AP-76,105, 2011 WL 303265, at *6 (Tex. Crim. App. Jan. 26, 2011) (not designated for publication) (relying on

eyewitness identification of the shooter as support for the arrest warrant); *State v. Ozuna*, 88 S.W.3d 307, 310 (Tex. App.—San Antonio 2002, pet. ref'd).

b. National and State Databases and other Officers' Reports

Detective Halbardier confirmed with local, state, and federal officers and with national and state databases that Valdez was a lieutenant with the Mexican Mafia.

> During the past several months of investigating multiple violent gang-related offenses, working with several Local, State, and Federal officers, it has been confirmed that all of [these] six individuals are active gang members.

Detective Halbardier also testified he relied on reports from the Seguin Police Department. The information contained in the affidavit may be based on either direct personal observations of the affiant or on hearsay information. *Belton*, 900 S.W.2d at 893. In *Belton*, the appellant claimed that because the affidavit in question reflected no personal knowledge on the part of the affiant, the arrest warrant lacked probable cause. *Id.* at 894. The court rejected this argument, noting that the affidavit contained a statement that the affiant possessed police reports and sworn statements, as well as information from a witness who had actual knowledge concerning appellant's participation in a crime. *Id.*

Because Detective Halbardier read the Seguin Police Department offense report and supplements, investigated multiple offenses involving several of the named suspects, and interviewed multiple witnesses, suspects, and other involved persons, his personal observations meet the low threshold illustrated in *Belton*. *Id.*; *see also Kolbert v. State*, 644 S.W.2d 150, 153 (Tex. App.—Dallas 1982, no pet.).

Corroboration means, that in light of the circumstances, the officer confirms enough facts to reasonably conclude the information provided is reliable. *See State v. Sailo*, 910 S.W.2d 184, 189 (Tex. App.—Fort Worth 1995, pet. ref'd). We therefore conclude that Detective Halbardier

was entitled to rely on the information provided to him by other officers' investigations and thus entitled to rely upon the information provided by the victim and the unnamed informants.

CONCLUSION

In viewing the totality of the circumstances in a common sense and realistic manner, we conclude the magistrate had a substantial basis for concluding that probable cause was shown to issue the arrest warrant against Valadez. The officers obtained information from several unnamed informants that corroborated the victim's statement as well and the information provided by other state, local, and national agencies. Given Detective Halbardier's training and the stated credibility of the unnamed informants, the magistrate could reasonably infer that Valadez was tied to the assault on Herrera. The affidavit provided sufficient facts that, together with reasonable inferences therefrom, provided a "fair probability" or "substantial chance" that Valadez was engaged in organized criminal activity. *See Flores*, 319 S.W.3d at 702; *Rodriguez*, 232 S.W.3d at 61. Accordingly, we cannot conclude the trial court erred in denying Valadez's motion to suppress his arrest warrant.[2]

Having overruled Valadez's sole issue on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

PUBLISH

---

[2] Because we conclude the magistrate had probable cause to issue the arrest warrant based on the allegations that Valadez engaged in organized criminal activity in the assault of Herrera, we need not address Investigator Camacho's good faith exception.