**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00209-CR**
_____

**BRIAN KEITH BLAIR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. 25,296

**MEMORANDUM OPINION**

Appellant Brian Keith Blair was charged with possession of a controlled substance with the intent to deliver, and he filed a motion to suppress. After the trial court denied Blair's motion to suppress, Blair pleaded guilty pursuant to a plea bargain agreement to the felony offense of possession of methamphetamine, and the trial judge deferred adjudication of Blair's guilt, placed Blair on community supervision for five years, and assessed a $3000 fine. In his sole issue on appeal,

Blair complains that the trial court erred by denying his pre-trial motion to suppress the drugs and other tangible evidence because the search was conducted without valid consent or a valid search warrant. According to Blair, the search warrant was founded upon an affidavit that was unsupported by probable cause. We affirm the trial court's order denying Blair's motion to suppress.

BACKGROUND

In his motion to suppress, Blair asked the trial court to suppress evidence seized from his locked bedroom and locked safes located at a residence in Onalaska, Texas. The items Blair sought to suppress included (1) methamphetamine, (2) marijuana, (3) scales, (4) cellular telephone, (5) United States currency, and (6) checks. Blair asserted in his motion that the search was conducted without valid consent and without a valid search warrant because the supporting affidavit failed to demonstrate legally sufficient facts to support probable cause. The trial court conducted a hearing on Blair's motion to suppress.

During the hearing, the trial court admitted a copy of the search warrant and its supporting affidavit. In the affidavit, Lieutenant Andy Lowrie, a Detective with the Polk County Sheriff's Office, stated that he had probable cause to believe that methamphetamine, marijuana, scales used to weigh the methamphetamine and marijuana for distribution, and other items used to distribute or use

2

methamphetamine were at a residence located at a particular residence in Onalaska, Texas. Lowrie averred that Blair and Terry Goff were among the suspected persons who had charge and control over the residence, and they had concealed methamphetamine and marijuana on the property and in the residence. According to Lowrie, his probable cause was based on an investigation conducted by the Polk County Sheriff's Office Narcotics Division, which included a tip from an informant concerning the use and distribution of marijuana and methamphetamine at the described residence. The tip indicated that Blair had a safe in the kitchen where he kept marijuana and methamphetamine and the proceeds from the sale of both.

Lowrie also stated that probable cause was based on (1) Goff's consent to search the residence; (2) marijuana and methamphetamine being located inside the residence; (3) the apprehension of a fugitive inside the residence; and (4) Lowrie's personal observations, which included smelling burnt marijuana and locating two locked safes in the kitchen and a locked bedroom that Goff indicated belonged to Blair. Lowrie sought a search warrant allowing him and other officers to search the property for the purpose of obtaining evidence related to the investigation at hand and for the search of methamphetamine, marijuana, and other items relating to a criminal matter. The search warrant signed by the magistrate approved Lowrie's request.

At the hearing, the trial court heard the arguments of counsel. Defense counsel argued that the search warrant affidavit was legally insufficient to support probable cause because it contained conclusory statements and was "bare-bones[.]" Defense counsel maintained that because there was no evidence concerning reliability of the tip or the credibility of the informant, the tip was conclusory, had no basis of knowledge, and lacked a nexus to Blair's bedroom or safes. According to defense counsel, Blair was never seen at the residence, and although the police saw and smelled marijuana in the common areas of the residence, nobody in the residence reported that there were drugs in Blair's locked bedroom or locked safes. Defense counsel further argued that Lowrie only mentioned Blair in the affidavit because Goff had reported that the two locked safes in the kitchen and a locked bedroom belonged to Blair. Lowrie averred that the tip had also indicated that Blair was keeping methamphetamine, marijuana, and the proceeds from the sale of both in the safe located in the kitchen. According to defense counsel, Lowrie's affidavit does not contain any information that would have given the magistrate probable cause to believe that Blair likely had marijuana or any other contraband in his locked bedroom or safes.

The State maintained that the search of Blair's locked bedroom and safes was valid. The State argued that the tip from the informant spotlighted the residence that

4

was the subject of the warrant, and when officers arrived at the residence, they developed probable cause when they saw marijuana in plain sight. The State further argued that Goff gave the officers written consent to search the residence and informed the officers that Blair rented the locked bedroom and owned the two locked safes in the kitchen, and the officers corroborated Goff's statement with the initial tip that Blair kept locked safes in the residence. The trial court denied Blair's motion to suppress.

ANALYSIS

In his sole appellate issue, Blair argues that the search of his locked bedroom and locked safes violated his constitutional rights because the search was conducted without valid consent and without a valid search warrant. Blair argues that the supporting affidavit failed to demonstrate legally sufficient facts to support probable cause. According to Blair, the totality of the circumstances contained within the four corners of the affidavit failed to show a fair probability or substantial basis that contraband or evidence of a crime would be found in his bedroom or safes.

Generally, we review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). We give almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that rely on credibility

5

determinations, but we review *de novo* questions of law and mixed questions of law and fact that do not rely on credibility determinations. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When a trial court finds probable cause to support the issuance of a search warrant based solely on an affidavit, there are no credibility determinations to make because the trial court ruled based on the facts that fall within the four corners of the affidavit. *McLain*, 337 S.W.3d at 271. Thus, in reviewing a magistrate's decision to issue a search warrant, we apply a highly deferential standard of review because of the constitutional preference of a search conducted under a warrant over a warrantless search. *Id.*

"Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a 'fair probability' or 'substantial chance' that contraband or evidence of a crime will be found at the specified location." *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 243 n.13 (1983)); *see Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). We will uphold the magistrate's probable cause determination so long as the magistrate had a substantial basis for concluding that probable cause existed. *McLain*, 337 S.W.3d at 271. We analyze the affidavit with common sense, recognizing that the magistrate may draw reasonable inferences from the facts and circumstances contained within the four corners of the

6

affidavit. *Id.* If in doubt, we defer to all reasonable inferences that the magistrate could have made. *Id.*

Here, Blair argues that the tip was a mere conclusory statement that gave no basis for the trial court's probable cause determination because there was no allegation that the informant had given recent and credible information. A tip by an informant of unknown reliability, standing alone, is not a sufficient basis for a magistrate's probable cause determination. *State v. Duarte*, 389 S.W.3d 349, 353, 360-61 (Tex. Crim. App. 2012); *Rivas v. State*, 446 S.W.3d 575, 579 (Tex. Crim. App.—Fort Worth 2014, no pet.). While the reliability, veracity, and the basis of knowledge of an informant are not absolutely required, they are highly relevant considerations in analyzing the totality of the circumstances. *Gates*, 462 U.S. at 233. Corroboration of an informant's tip through independent police investigation is also relevant in the magistrate's determination of probable cause. *Valadez v. State*, 476 S.W.3d 661, 668 (Tex. App.—San Antonio 2015, pet. ref'd). Although Lowrie's affidavit did not include an allegation that the informant was credible and reliable, the affidavit contained other verifying information that corroborated the informant's tip, allowing the magistrate to reasonably conclude that the informant was credible. *See id.* at 668-69; *Rivas*, 446 S.W.3d at 579-80.

Regarding the staleness of the informant's tip, time is less important when an affidavit references ongoing drug activity at a residence. *See Jones v. State*, 364 S.W.3d 854, 860-61 (Tex. Crim. App. 2012); *Rivas*, 446 S.W.3d at 579, 581. Here, the record does not support Blair's assertion that the information was stale; rather, the record shows that the informant indicated that Blair was involved in ongoing drug activity at the residence. *See Jones*, 364 S.W.3d at 860-61; *Rivas*, 446 S.W.3d at 579, 581.

Under the high level of deference we are to give an issuing magistrate's determination, and based on the totality of the circumstances as presented in Lowrie's affidavit, we conclude that the magistrate had a substantial basis for determining that probable cause existed to search Blair's locked bedroom and locked safes. *See McLain*, 337 S.W.3d at 271-72; *Jones*, 364 S.W.3d at 860-61; *Rivas*, 446 S.W.3d at 579, 581. We further conclude that the trial court did not err in overruling Blair's motion to suppress. *See McLain*, 337 S.W.3d at 271. Accordingly, we overrule Blair's sole issue and affirm the trial court's order denying Blair's motion to suppress.[1]

---

[1]Because we affirm the trial court's order denying Blair's motion to suppress, the trial court's deferred adjudication order likewise remains in place.

8

AFFIRMED.

                                _____

                                        STEVE McKEITHEN
                                          Chief Justice

Submitted on February 13, 2019
Opinion Delivered April 17, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.